# Henry Lindenthal et al., trading as H. M. Lindenthal, Appellees, v. Northwest State Bank, Appellant.

## Gen. No. 25,933.

1.  BANKS AND BANKING—*when right of action of payee of check paid on forged indorsement established.* The right of plaintiffs to sue upon checks received from customers, and deposited in defendant bank by plaintiffs' cashier in his own name under forged indorsements, was established where, not only was there evidence that the checks came into the hands of plaintiffs, but plaintiffs' averment of possession was not denied in the pleadings.

2.  MUNICIPAL COURT OF CHICAGO—*when allegation of possession admitted.* The principle of common-law pleading that an averment of possession which is not denied will stand admitted, applies to the municipal court practice, in the absence of any showing of a rule to the contrary.

3.  BANKS AND BANKING—*when amount of recovery on checks paid under forged indorsement sustained.* In a suit against a bank for money embezzled by plaintiffs' cashier upon checks deposited with the bank by such cashier in his own name under forged indorsements, *held* that the *quantum* of proof bearing upon the difference between the amount of the embezzlement and the value of what plaintiff received from the cashier by way of restitution supports the judgment in favor of plaintiff.

4.  BANKS AND BANKING—*necessity of notice to bank of forgery of indorsements on checks.* Where checks were deposited by plaintiffs' cashier in defendant bank in his own name under forged indorsements and the funds received thereon embezzled by him, plaintiffs' right to recover from the bank was not waived by failure to give the bank prompt notice of the forgeries, as no business relation existed between the parties and knowledge of the forgeries did not come to plaintiffs before the use of the proceeds by the cashier, there was no duty to give notice existing under such circumstances.

5.  BANKS AND BANKING—*when payee of checks paid under forged indorsement not estopped by delay in suing bank.* In an action against a bank to recover for checks deposited with it by plaintiffs' cashier in his own name under forged indorsements, there was no estoppel applicable to plaintiffs because of delay in bringing suit where, at the time the forgeries were learned of by plaintiffs, the proceeds had already been used in the purchase of real estate which was afterwards turned over to plaintiffs in partial restitution, and it did not appear that defendant would have been

in any better position had it received earlier notice of the forgeries.

6. BANKS AND BANKING—*necessity of tender of checks paid on forged indorsement in action against bank.* In an action against a bank for the embezzlement by plaintiffs' cashier of checks deposited in the bank by him in his own name with forged indorsements, tender of the checks was not necessary to plaintiffs' right of action.

7. BANKS AND BANKING—*what is not a ratification by payee of forgery of indorsements.* By accepting a conveyance of real estate purchased by their cashier with funds embezzled by him by means of forged indorsements on checks deposited in defendant bank, plaintiffs did not ratify the forgeries, whether the conveyance was made before or after they had notice of such forgeries, especially where their relation to the bank cast upon plaintiffs no duty to give the bank notice of the forgeries.

Appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed June 3, 1921. Rehearing denied June 17, 1921. *Certiorari* denied by Supreme Court (making opinion final).

LANDON & HOLT, for appellant; JOHN B. FRUCHTL, of counsel.

MOSES, ROSENTHAL & KENNEDY, for appellee; HIRSCH E. SOBLE, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This action brought by appellees as copartners against appellant, a banking corporation, is based on the conversion of checks payable to the former and deposited in the latter's bank to the credit of one Durchslag, the former's cashier, after he had forged the indorsements. The checks came from appellees' customers in the regular course of business into the hands of said Durchslag as their cashier, between the months of November, 1912, and February, 1913, and were so deposited during that period. On February 10, 1913, Durchslag withdrew the proceeds of said checks from said bank and used the same with other

moneys in the purchase of real estate. During the latter month Durchslag confessed to embezzlement of cash and auditors were set to work on his books. About the middle of the following month appellees learned of said forgeries and real estate transaction and got Durchslag to convey the property to them. The real estate was incumbered with a mortgage, and the evidence tended to show that the amount of Durchslag's defalcation exceeded the aggregate of the market value of his equity therein and of what appellees had otherwise received from him by way of restitution. This suit was brought about twenty-one months after appellees discovered the facts as to said checks. The court's finding and judgment were for appellees in the sum of $3,533.32, which the evidence is sufficient to sustain, and it should stand if the court correctly applied the law, as we think it did.

The first point urged by appellant is that the proof failed to show that the checks came into appellees' possession and that until then the right of action was in the drawer of the checks. Not only is there evidence that said checks did come into appellees' possession, but that fact stood admitted on the face of the pleadings, plaintiffs' averment of possession not having been denied. This principle of common-law pleading (31 Cyc. 207, 208) is applied to the municipal court practice in the absence of showing any rule to the contrary (*Isbitz v. Chicago City Ry. Co.*, 192 Ill. App. 487).

Appellant also urged that through said conveyance appellees got all they were entitled to. As already stated the *quantum* of proof bearing upon the difference between the amount of the embezzlement and the values of what appellees received by way of restitution supports the judgment.

It is next urged that by such delay in bringing the suit appellees waived any right of action they had against the bank. This contention is based upon

alleged negligence in appellees' failure to give appellant prompt notice of such forgeries after receiving knowledge of them. It seems sufficient to say that as no business relation whatever existed between the parties and knowledge of the forgeries did not come to appellees before use of the proceeds as aforesaid, no duty to give notice was due from appellees to appellant. (*Hamlin's Wizard Oil Co. v. United States Exp. Co.*, 265 Ill. 156, 162.)

Nor can it be said that the doctrine of estoppel is applicable for when appellees first heard of the forgeries the proceeds had already been used in the purchase of said real estate so that their "silence induced no act and did no wrong." (*Hamlin v. Sears*, 82 N. Y. 327.) Nor does it appear from the evidence that appellant would have been in any better position had it received notice of the forgeries, for at no time thereafter does it appear that Durchslag had any property with which to indemnify it. "Without showing some injury by reason of the delay, the defendant cannot use it as an estoppel against plaintiff." (*Murphy v. Metropolitan Nat. Bank*, 191 Mass. 159; *A. Blum, Jr.'s Sons & Co. v. Whipple*, 194 Mass. 253, 13 L. R. A. [N. S.] 211.)

Nor was tender of the forged checks necessary to appellees' right of action and recovery. Appellant was in no way prejudiced by want of tender or deprived of its remedy against Durchslag who defrauded it. (*United States v. National Bank of Commerce*, 205 Fed. 433.)

Nor is appellant's position tenable that there was a ratification of Durchslag's forgeries by appellees' accepting a conveyance of the real estate that was partly purchased from the proceeds of the forgeries. The true doctrine, we think, is stated by the Supreme Court of Massachusetts in *Bradley v. Brigham*, 3 L. R. A. 507, as follows:

"But if, on the other hand, A in pursuing his rights

does not show an intention to affirm the taking or the sale, but repudiates the same and merely seeks as far as possible to follow and reclaim his goods or their proceeds, in whole or in part, from those into whose hands they may have come, this will not have the effect to waive the wrongful taking, or cut him off from his remedy for the original conversion; but he will only be bound to apply in reduction of damages he may have received.''

To the same effect is *Farmer, Thompson & Helsell v. Bank of Graettinger,* 130 Iowa 469, 107 N. W. 170; *Thacher v. Pray,* 113 Mass. 291; *Rice v. Reed,* [1900] 1 Q. B. 54; *Burn v. Morris,* 2 Comp. & M. 579. In view of these authorities we think it makes no difference whether the conveyance to appellees was made before or after they had notice of the forgeries, especially as no relation existed between appellees and appellant, which cast upon the former a duty to give the latter notice thereof.

We find no reversible error in the court's refusal of the propositions submitted by defendant to be held as the law of the case. We need not discuss them as they merely embody the contentions already considered. Accordingly the judgment will be affirmed.

*Affirmed.*

GRIDLEY and MATCHETT, JJ., concur.