## ALLEN v. WARNER.

No. 11753—Opinion Filed Feb. 5. 1924.

Rehearing Denied Dec. 23, 1924.

1. **Limitation of Actions—Recovery of Real Property—Incidental Relief.**

Plaintiff sued to recover possession, for damages and to quiet title to real estate by canceling sheriff's deed on execution to defendant. He alleged and proved fraud of defendant in procuring the judgment, pursuant to which such deed was executed. Defendant held possession of the real estate from the recording of such sheriff's deed, for more than five years before the filing of plaintiff's suit. Held, that the gravamen and primary purpose of the action was the recovery of possession of such real estate, and the other grounds of relief were but incidental thereto.

2. **Same — Statute for Relief on the Ground of Fraud Not Applicable.**

In such case, held, section 185, Comp. Stat. 1921, providing, inter alia, that an action other than for the recovery of real property, for relief on the ground of fraud, must be brought within two years from the discovery of the fraud, is not applicable.

3. **Same—Suit to Cancel Sheriff's Deed on Execution Sale—Five Year Limitation.**

In such case, section 183, Comp. Stat. 1921, providing, inter alia, that an action for the recovery of real estate sold on execution, brought by the execution debtor, must be brought within five years after the date of the recording of the deed made in pursuance of the sale, is applicable and bars the action of plaintiff, whether the judgment pursuant to which such sheriff's deed was executed, was void or voidable for fraud.

(Syllabus by Estes. C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by Richard Warner against M. W. Allen to recover real estate. Judgment for plaintiff. Defendant appeals. Reversed.

John Adams, for plaintiff in error.

Gasper Edwards. for defendant in error.

Opinion by ESTES, C. On December 12, 1916, defendant in error, Richard Warner, referred to as plaintiff, commenced this ac-

tion in the district court of Logan county, against the plaintiff in error, M. W. Allen, referred to as defendant. The original petition was to recover possession of 80 acres of land and to quiet title thereto by canceling a sheriff's deed, hereinafter referred to, and for damages. By his last amendment, plaintiff alleged that he was the legal and equitable owner and in possession of said real estate; that defendant claimed some interest in the same under and by virtue of a void sheriff's deed procured by his fraud; that plaintiff did not know whether defendant was in possession; and prayed for the cancellation of said deed as a cloud on the title. Defendant denied the fraud, exhibiting such sheriff's deed to said real estate under which defendant alleged he obtained title and possesion by sale on execution; alleged that more than five years had elapsed since the date of recording such deed and before the filing of suit by plaintiff; denied that plaintiff had brought his suit within two years after the discovery of the fraud, and asked that the court quiet his title against the plaintiff. Plaintiff contends that this is an action against the defendant for relief on the ground of fraud, under section 185, Comp. Stat. 1921. This is the two year statute of limitations, providing that the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud. The defendant contends that plaintiffs cause of action is for the recovery of real property, under section 183, statutes, supra, which provides, among other things, in substance, that if the property sought to be recovered was sold on execution, and the action brought by the execution debtor, the same must be brought within five years after the date of the recording of the deed made in pursuance of the sale. There were other defendants in the original action, all of whom disappeared as parties. The cause was tried as one in equity to the court without the intervention of a jury, as between plaintiff and defendant.

We do not deem it necessary to set out all the findings of fact and conclusions on which said judgment is based. In substance, the court found that defendant, Allen, in 1910 brought a suit against the plaintiff, Warner, in a justice of the peace court in a township where neither of the parties resided or were known, for $43.04, which was not legally owed by plaintiff to defendant; that no service or notice whatever was had upon the plaintiff; that plaintiff did not reside in and was not present in the county in which suit was brought; that defendant procured a pretended judgment, transcripted same to the district court, caused execution to be issued

and levied upon the said land; that there was no appraisement of said real estate, no proper notice of sale given, no legal bid made, no consideration paid, no legal sale made by which defendant procured such pretended sheriff's deed; that the entire transaction was done in fraud of plaintiff; that the plaintiff did not have full notice or knowledge of such fraud until within two years of the filing of plaintiff's suit herein, except what plaintiff gained from one of the original defendants in its case, an attorney, and that said attorney did not actually advise the plaintiff of the facts of such fraud; that defendant had taken the rents and profits on said real estate for more than five years. From judgment for plaintiff, canceling such deed and perpetually enjoining defendant from claiming any interest in said real estate, the defendant appeals.

1, 2. The record shows that defendant took possession of the real estate at the time the deed was executed and had been in open, continuous, and notorious possession thereof from that time for more than five years before this suit was filed. The finding of the trial court that defendant had taken the rents and profits of the land for more than five years amounts to a finding of possession by defendant for such time. The gravamen and primary purpose of the action was the recovery of the possession of the land. The other grounds of relief were but incidental thereto. Said two years statute, pertaining to relief on the ground of fraud, has no application. Campbell v. Dick et al., 71 Okla. 186, 172 Pac. 783; Etenburn v. Neary et al., 77 Okla. 69, 186 Pac. 457.

It may be further observed that said section 185 of the statute, as to fraud, has no application for the reason that plaintiff sought to set aside the deed, not on the grounds of fraud, but because the deed was executed in pursuance of a void judgment and execution. Plaintiff contended that the judgment on which said deed was based was void, because procured by fraud. Said judgment was only voidable under the facts of this record, although plaintiff proved the fraud alleged. However, if such judgment was void, this suit was not to set aside the judgment procured by fraud, but to set aside the sheriff's deed issued in pursuance of such void judgment.

3. Since the execution and recording of the sheriff's deed was followed by possession of defendant for five years before the suit was filed, the five years statute of limitations is applicable, irrespective of whether the judgment on which same was based was void or voidable. Said sheriff's

deed seems to be regular. It purports to convey by apt words of transfer to the defendant, and under the authority of judicial proceedings. Even though the judgment in pursuance of which the same was obtained is invalid, possession of the real estate by the defendant under said deed for five years after the recording of said deed and before the filing of this suit, bars any rights of the plaintiff under said statute as effectively as if such possession had been under the most perfect title. Mehard et al. v. Little, 81 Okla. 1, 196 Pac. 536; Sandlin et al. v. Barker et al., 95 Okla. 113, 218 Pac. 519. Thus it appears that the judgment of the trial court herein was contrary to the law.

It almost seems that the letter of the law in this case kills, while the spirit of the law would make alive, because of the apparent fraud practiced by the defendant in procuring such sheriff's deed, as shown by the record and the findings of the trial court. However, statutes of limitations, made in its wisdom by the Legislature, for the repose of titles, are in the interest of an enlightened public policy and must be applied.

The judgment of the trial court is reversed and the cause remanded with directions to enter judgment for the defendant.

By the Court: It is so ordered.