### SWANDA v. SWANDA.

No. 15319—Opinion Filed Dec. 23, 1924.

1. **Divorce—Refusal of Divorce — Decree Dividing Property—Review on Appeal.**

Where the wife sues the husband for a divorce, alimony, and division of property, and the husband answers and files a cross-petition in which he asks that his wife's petition be denied, and that he be granted a divorce unless she agrees to a reconciliation, which she refuses to do, and the court denies a divorce to either party, the court may make such equitable orders, with reference to a division of the property as it thinks best. But where this court differs from the trial court as to the disposition of the property, this court will make such orders and modifications of the decree as it thinks equitable and just.

2. **Husband and Wife — Abandonment by Wife—Right of Wife to Support.**

If the wife choose to live separate and apart from the husband, there being no reasonable cause for her abandonment of her husband, he cannot legally be required to contribute to her maintenance.

3. **Divorce — Refusal to Grant — Decree Dividing Property.**

Where, in an action by a wife against her husband to obtain a divorce and alimony, the court finds that the wife is not entitled to a divorce or alimony, and both are refused, the court is authorized under section 505, Compiled Laws 1921, to make such order as may be proper for the equitable division of the property then owned by them, taking into consideration the time and manner of its acquisition.

(Syllabus by Maxey, C.)

Commissioners' Opinion. Division No. 1.

Error from District Court, Oklahoma County; O. L. Price, Judge.

Action by Mary Swanda against John Swanda for divorce. There was judgment denying a divorce to either party, and the defendant, John Swanda, appeals. Decree modified, and the cause reversed and remanded.

Edward Dewes Oldfield and Selby & Callihan, for plaintiff in error.

J. C. Helms, for defendant in error.

Opinion by MAXEY, C. This action was commenced on the 29th day of May, 1923, by Mary Swanda, defendant in error, filing her petition in the district court of Oklahoma county against her husband, John Swanda, wherein she alleges that she and John Swanda were married on the 7th day of May, 1901, and have been husband and wife since that date, and that there were born to them eight children, seven of whom are now living, and gives their names and ages as follows: Theophile, age 21, George, age 19, Matilda, age 17, Adolph, age 15, Irene, age 9, Marguerite, age 7, and Helen, age 3. The plaintiff charges gross neglect of duty, in that the defendant failed and refused to provide the necessities of life for the plaintiff and her children, and charges extreme cruelty, alleging that the defendant is an able-bodied man, in good health, and a sheet metal worker by trade, and that he commands a large wage of from $8 to $10 per day, and that he earns about $500 per month. She alleges that she has been a faithful and loving wife and mother to their said children, and that she is without fault. She charges the defendant with drunkenness and abusive language to her and the children, and asks that he be restrained from visiting their home, and that she be granted temporary alimony, and on final hearing she be granted permanent alimony and for suit money and attorneys' fees.

The defendant filed his answer and cross-petition, wherein he denied all of the material allegations of plaintiff's petition, and

set up in his cross-petition the marriage of plaintiff and defendant, and that the children named in plaintiff's petition were born to them. The defendant admits that he was a sheet metal worker, and alleges that for the last ten years, by reason of his age and being a chronic sufferer from rheumatism, he has been unable to follow his trade except shop work most of the time, and denies that he is making the sum of $500 a month, but is making about $125 a month when he is able to work, and that he has expended all of the money he earned on his family and supported them to the best of his ability. He charges that his wife for the past six years has constantly complained of defendant not making more money and not furnishing more money for the support of his family, and has called him vile and vulgar names in the presence of the children, and cursed him and abused him, and has caused the children to dislike him and be inconsiderate of his feelings; but, notwithstanding her abusive treatment, that he is still willing to try to live with her and keep the family together, and asks that in case his wife refuses a reconciliation and will not return to him, that he then be granted a divorce, and that his wife's petition for divorce be denied.

On the trial of the case there was a vast number of witnesses testified, and some of the testimony is unprintable. The evidence shows the plaintiff, Mary Swanda, to be a woman of violent temper, and that she never had a kind word for her husband, and that the children had become imbued with her dislike for the father, and when he was at home. it was one constant quarrel between them and she would get mad and use vile names and epithets. But in our judgment the cause of their home life was largely on account of the wife's constantly abusing him, because he did not furnish more money, and inasmuch as the husband had offered a reconciliation, and she, the wife, refused his offer in that respect, but stated that she would not live with him again if he were the last man in the world, and all she appeared to want was all of the property and all of the money that her husband could make, and live separate and apart from him, under the evidence, we think the court was right in denying her a divorce. On the other hand. while the husband is not without fault, he appears to be willing to make amends for his shortcomings and endeavor to effect a reconciliation, which his wife refused, and owing to the temperament of the two people, we are inclined to think that for

the best interest of the family, and especially the small children, that it would have been better for the court to have granted a divorce to the husband, and made such division of the property as was equitable and just. We do not believe from the voluminous testimony in this case that a reconciliation can ever be effected. We think the trial court denied either one a divorce in the hope that he could bring about a reconciliation in this way, but we do not believe it can ever be done, and think that the husband is more entitled to a divorce than the wife. The testimony of witnesses introduced in the case very strongly supports the contention of the defendant set up in his answer. It refutes the allegations of the plaintiff that the defendant was a drinking man and spent a large part of his earnings for drink. Witnesses testified, who worked with him constantly, that they never saw him take a drink and never heard of his being called a drinking man, and that they never saw him under the influence of liquor. Nobody but the plaintiff and the children seem to have ever seen him drinking or with liquor. The evidence also supports the defendant as to the amount of money he made and about being afflicted with rheumatism. In fact, the evidence tends to support every contention made by defendant in his answer.

In regard to the property interests: They have 10 lots, with a residence on them, and the balance used for garden purposes, situated in Oklahoma City; and from the testimony these ten lots, with the building thereon, is reasonably worth from $5,000 to $6,000. They also own 40 acres of land in Creek county, which is of very little value for agricultural purposes, but it had been thought that it would be valuable as an oil proposition, but the country around it has been drilled on without finding oil or gas, and the value of this 40 acres for oil and gas purposes is practically nil. From the testimony, the value of this 40 acres of land for agricultural purposes is very small. It has a small house of very little value on it, and the land with the improvements it has on it is not worth more than $500 or $600, and it has a mortgage on it for $250. The trial court allowed the wife the home in Oklahoma City, together with the ten lots, also a half interest in the oil and gas that might be discovered on the 40 acres in Creek county, and required the husband to pay $20 a week for the support of the minor children. We think the decree should be modified by allowing the wife the use of the homestead and the ten lots in Okla-

homa City, and that the husband should have the 40 acres in Creek county free of all claims of the wife. The wife should not be permitted to sell the home or any of the lots, without an order of the court made in the future upon showing that it is necessary to sell a part of the lots for the support of the children. The wife having left the home of the husband and refused to return to him and live with him, he is no longer compelled to support her. A very similar case to this is the case of Davis v. Davis, 61 Okla. 275, 161 Pac. 190, where the court had under consideration the statutes governing these cases, and in the course of the opinion, the court said:

"We find no fault with defendant's assertion that a wife voluntarily living apart from her husband cannot compel him to support her or exact alimony of him unless such separation is caused by the misconduct of the husband. We agree that it is the duty of the wife to live with the husband at the place and in the home selected by him, which he has the sole right, within reasonable limitations, to choose, and if without good cause she departs therefrom, she forfeits her legal claim to support from him while residing elsewhere than with him."

Also in the same case the court said:

"While it is the duty of the wife to reside with the husband and to bear with his shortcomings and endure the same as long as possible, yet no law prescribes that she must do so. and when she chooses to abandon him, if his own conduct does not cause such an abandonment, then his legal duty to longer maintain her is ended, but if property has been acquired during their wedded life by their joint effort, she has a vested interest in such property which she does not forfeit even though her course cannot be justified, and she is entitled to her proper share of such property."

This case has been followed by this court as laying down the proper rule in such cases, and we are inclined to follow it here. It occurs to us that for the best interest of all parties, a divorce should be granted the husband, that the property should be divided as above suggested, that is, the home and the ten lots in Oklahoma City should be set apart to the wife for the home and support of the minor children. and that she should not be permitted to dispose of same until the further order of the court; that the decree should also be modified by setting apart the 40 acres of land in Creek county to the husband, John Swanda, unincumbered in any way by his wife. That the mother, or wife, should have custody of the minor children, so long as she is

able to properly care for them, and upon showing to the court at any time in the future that the children are not being properly cared for, the court shall make such order as to their custody and care as may seem just and proper. Under the rule laid down in Davis v. Davis, where the court said after discussing the case, with reference to the custody of the children and the provisions made in the decree for the husband to pay $30 a month for the support of the children:

"From the above it follows that the judgment of the trial court should be modified by striking therefrom that portion providing for the payment of the sum of $30 per month to the plaintiff for the support of the minor children and the judgment so modified should be affirmed."

In this case, we think the husband should contribute something toward the maintenance of the minor children. and in modifying the decree, the court should examine into the ability of the husband to pay and require him to pay such sum as he is able to pay and adjust said sum from time to time according to his ability to pay.

As before stated, the Davis Case and the case under consideration are so much alike in every respect, that we think this case should be ruled by the Davis Case, and that the case should be reversed and remanded to the trial court, with directions to modify the decree heretofore entered in accordance with the suggestions and directions herein contained.

By the Court: It is so ordered.

Note.—See under (1) 19 C. J. § 772, 784 (1926 Anno.); (2) 30 C. J. § 871; (3) 19 C. J. § 772.