## GOSLEN et al. v. WADDELL INV. CO. et al.

No. 19411. Opinion Filed Oct. 21, 1930.

I. P. Keith, for plaintiffs in error.

Robinson & Oden, Guy P. Horton, S. B. Garrett, Cecil Cohoon, and S. C. Treadwell, for defendants in error.

HERR, C. This is an action by William P. Goslen and Dennis S. Goslen and others against the Waddell Investment Company and others, to recover real estate, to quiet title thereto, and to recover damages because of an alleged illegal levy and sale of personal property under execution. The petition attempted to plead three separate and distinct causes of action. Defendants and each and all of them filed separate demur-

rers to each and every cause of action on the ground of insufficiency of the allegations thereof to sustain a cause of action and on the ground of misjoinder of causes. The trial court sustained the demurrers and entered judgment dismissing plaintiffs' causes of action. Plaintiffs appeal.

Plaintiffs predicate their first and second causes of action on alleged void judgments and sales of property in mortgage foreclosure actions. The mortgages were executed by plaintiffs to defendant investment company, and were foreclosed by mortgagee in the district court of Jackson county. The premises were sold under an order of sale issued on these judgments. At the sale, defendant investment company bid in a portion of the land, and defendants H. T. Kimbell and Guy P. Horton, jointly, bid in a portion thereof. Sheriff's deeds were duly executed and delivered to these parties and by them placed of record in September, 1917. This action was brought in May, 1927. Plaintiffs, in their petition, allege that defendants were in possession of the premises under these proceedings and held peaceable and adverse possession thereof for a period of approximately ten years, but allege that they acquired no rights thereunder because of numerous alleged irregularities which they contend rendered the judgments in the foreclosure proceedings and the sale thereunder void on their face.

We deem it unnecessary to discuss these alleged irregularities in detail for, even though the judgments of foreclosure and sale thereunder were absolutely void, still the demurrers as to these causes of action were properly sustained for the reason that said causes of action were barred by the statute of limitation.

Subdivision 1, section 183, C. O. S. 1921, provides that an action to recover real property sold on execution can only be brought within five years after the recording of the deed made in pursuance of the sale. This statute applies, even though the judgment upon which the execution was issued and the sale thereunder are absolutely void. Mehard v. Little, 81 Okla. 1, 196 Pac. 536; Allen v. Warner, 105 Okla. 129, 232 Pac. 61; Stolfa v. Gaines, 140 Okla. 292, 283 Pac. 563.

It is contended by plaintiffs that this section of the statute is not controlling for the reason that the sale in question was not an execution sale, but was a sale under an order of sale issued in a foreclosure proceeding; that an order of sale is not an execution within the meaning of the statute.

In our opinion, the law is against plaintiffs on this contention.

In 37 C. J. at page 746, it is held:

"Foreclosure sales have been held to be judicial sales within the statute, and a statute limiting actions for recovery of real property sold on execution applies to sales under foreclosure proceedings."

In the case of Moore v. Ross (Ind.) 38 N. E. 817, it is held:

"A sale on mortgage foreclosure is a sale on execution within Rev. St. 1894, sec. 294 (Rev. St. 1881, sec. 293), providing that an action by an execution debtor to recover land sold on execution must be brought 'within ten years after the sale'."

An order of sale issued for the sale of real property in a foreclosure proceeding has been held a special execution by this court in the following cases: Price v. Citizens State Bank, 23 Okla. 723, 103 Pac. 800; Richmond v. Robertson, 50 Okla. 635, 151 Pac. 203; Martin v. Hostetter, 59 Okla. 246. 158 Pac. 1174.

In the case of Green v. Wahl, 117 Okla. 292, 246 Pac. 419, it is held that a sale of real property under an order of sale in an attachment proceeding is a sale on execution, and that the five-year statute of limitation applies even though the judgment, upon which the order of sale was issued, was absolutely void. It occurs to us that the same rule must necessarily be applied to a sale under an order of sale in a foreclosure proceeding, and we, therefore, hold that a sale under such an order is a sale on execution, within the meaning of said section of the statute.

Plaintiffs argue that the judgments in the foreclosure proceedings are void on the face of the judgment roll, and that the same were subject to be vacated at any time on motion, and in support of this argument cite the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681. The answer to this argument is that, under allegations of plaintiffs' petition, defendants have been in peaceable, open, and exclusive possession of these premises, holding and claiming adversely for a period of approximately ten years. This being true, they thereby acquired title by prescription under section 8554, C. O. S. 1921. Under this section, even though the judgments in the foreclosure proceedings were absolutely void and subject to vacation at any time, as contended by plaintiffs, still, defendants, by virtue of their occupancy of the premises for the designated period of time, acquired title sufficient and good as against the world. State v. Gaines, supra.

Plaintiffs further contend that the rule above announced cannot be applied and invoked against them as to their second cause of action, for the reason that therein they plead a cause of action in equity. This court has decided adversely to this contention in the case of McGowan v. Carlton, 143 Okla. 106, 288 Pac. 338. It is there held:

"The title to real property acquired by prescription or adverse possession is respected in courts of equity, as well as in courts of law; and the title so acquired is available either for attack or defense; and this is so whether the action is legal or equitable in its nature."

Plaintiffs' contention that the statute cannot be invoked by defendants for the reason that the judgments, being void, defendants must be treated as mortgagees in possession, has also been decided against them in the case of Turk v. Page, 68 Okla. 275, 174 Pac. 1081. It is there said:

"A mortgagee, who purchases the mortgaged premises at a void foreclosure sale and enters into possession thereof in good faith believing he has acquired the title thereto by virtue of his purchase and the sheriff's deed made in pursuance thereof and of the subsequent judicial proceedings had in connection therewith, may avail himself of the statute of limitations as a defense in a proceeding to redeem by the grantee of the mortgagor, where his possession has been actual, open, notorious, hostile to the title claimed by the mortgagee (sic) (mortgagor) or his successor in interest and to the world at large, and continuous for such length of time as may be required to bar the action to redeem."

To the same effect is the case of McKnight's Heirs v. Bowen, 110 Okla. 9, 235 Pac. 541.

The parties discuss at some length the question of mental condition of plaintiffs at the time judgments were taken against them in the foreclosure actions. This discussion is entirely foreign to the issues presented by the record. There are no allegations in plaintiffs' petition sufficient to toll the statute by reason of mental incompetency. There is no allegation that plaintiffs were laboring under any disability at the time their cause of action accrued. In fact, there is no allegation that plaintiffs were, at any time, laboring under any disability preventing their prosecuting this action within time. The allegation relative thereto is as follows:

"These plaintiffs further say that by reason of said wrongful foreclosure, said wrongful execution and said damages to them as herein aforesaid, and their wrongful expulsion therefrom, that they became sick and unable to do anything. That they worried over their financial loss to such an extent that they were physically unable to do anything, and being without means of any kind, they were unable to procure any assistance, legal or financial; and on account thereof their health failed and their minds were temporarily unbalanced and remained so until about twelve months ago, when their health began to improve. * * *"

Section 184, C. O. S. 1921, provides:

"Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed."

Plaintiffs fall far short of alleging that they were mentally incapable of acting at the time their cause of action accrued, or that they were laboring under such disability during the period allowed them by statute within which to bring their action.

In plaintiffs' third cause of action they plead an action for damages because of alleged illegal levy and sale of personal property taken on execution to satisfy a deficiency after having received credit on the judgment for the sale of the land; that such deficiency occurred by reason of the failure of defendants herein, plaintiffs in that action, to give them a certain credit on the judgment, to which they allege they were entitled but were not allowed. The time of the alleged levy and sale does not appear from the pleadings. As to whether this cause of action is barred by limitation, we cannot, for this reason, determine. The demurrer, as to this cause of action, was, however, properly sustained on the ground of misjoinder of causes of action. An action to recover damages because of an unlawful levy and sale of personal property on execution cannot be joined with an action in ejectment and an action to quiet title.

We think the demurrers to plaintiffs' petition were properly sustained.

Judgment should be affirmed.

BENNETT, TEEHEE, HALL, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (3) 1 R. C. L. p. 689; R. C. L. Perm. Supp. p. 186.