OHIO SAVINGS BANK & TRUST COMPANY *v.* LOEWENSTEIN REALTY COMPANY *et al.*

(No. 8742)

Submitted May 18, 1938. Decided June 7, 1938.

*Price, Smith & Spilman,* for appellants.

*Brown, Jackson & Knight, Herman Bennett* and *John A. Field, Jr.,* for appellee.

KENNA, JUDGE:

The Ohio Savings Bank & Trust Company, a foreign corporation, brought this equity suit in the Circuit Court of Kanawha County against Loewenstein Realty Company and Henry S. Cato to enforce the lien of special assessment paving certificates against thirteen lots in the City of Dunbar, and, under the provisions of the city charter, for the taking of a deficiency decretal judgment if the lots were of insufficient value to discharge the indebtedness.

Process issued June 1, 1935, returnable to June Rules, at which time it was returned executed and the bill filed.

Another suit in chancery was brought January 22, 1936, in the Court of Common Pleas of Kanawha County by G. T. Fogle & Company against Ohio Savings Bank & Trust Company, the plaintiff in the suit heretofore mentioned for the purpose of enforcing the lien of a special paving assessment certificate against another lot in the City of Dunbar and obtaining a deficiency decretal judgment against Ohio Savings Bank & Trust Company, should the latter course prove necessary.

On January 23, 1936, G. T. Fogle & Company, in the suit last named, procured an attachment against Ohio Savings Bank & Trust Company, a foreign corporation, which was served upon Cato and Loewenstein Realty Company, the defendants in the suit pending in the Circuit Court of Kanawha County, as garnishees.

On February 17, 1936, the two garnishees answered in the proceeding pending in the Court of Common Pleas admitting liability on certificates eight to ten, inclusive.

On April 30, 1936, Ohio Citizens Trust Company filed an intervening petition in the matter pending in the Circuit Court, alleging that since January 2, 1936, it had owned the paving certificates sued on, praying to be made plaintiff, that the two last named garnishees be made defendants along with G. T. Fogle & Company, and asking that process be issued. On May 1, 1936, Cato, Loewenstein Realty Company and G. T. Fogle & Company were served.

On November 20, 1936, Cato, Loewenstein Realty Company and G. T. Fogle & Company filed a demurrer to the petition, which was overruled, save to the extent that it had to do with injunctive relief. To that extent, it was sustained.

On December 23, 1936, defendants in the Circuit Court conditionally tendered a check for $2558.73.

On May 5, 1937, the decree complained of, in which the Circuit Court found that the Ohio Citizens Trust Company was entitled to the relief prayed for in its intervening petition, and that the conditional tender was without legal effect, was entered. The decree directed that the check, which constituted the conditional tender, be returned to the defendants, proceeded to ascertain that Loewenstein Realty Company and Henry S. Cato were the owners of the named lots in the City of Dunbar, adjudicated the amount due upon the several paving certificates and directed a named special commissioner to make sale of the Dunbar lots unless the defendants paid the several sums decreed against them within thirty days from the date of the decree.

The points relied upon by the appellants as constituting grounds for reversal are the following: (1) The Court of Common Pleas having obtained jurisdicton by attachment over the fund represented by the paving certificates, retained exclusive jurisdiction of all controversy connected therewith; (2) statutes relating to attachment require anyone asserting the right to a fund under attachment to assert that right in the attachment proceeding by petition (Code, 38-7-41); (3) if the Circuit Court

had jurisdiction to determine the ownership of the fund attached by the Court of Common Pleas, it was error not to submit the question of ownership to a jury; (4) if the Circuit Court had jurisdiction of the fund attached by the Court of Common Pleas with the right to determine its ownership, it erred in finding the ownership in the Trust Company without any evidence before it; and (5) it was error to allow interest upon the amount represented by the paving certificates during the time that the debt was under attachment.

It will be observed that all of the questions raised by the appellants appear to be based upon the assumption that the proceeding in the Court of Common Pleas resulted in that court obtaining jurisdiction over the fund represented by the paving certificates sued on in the Circuit Court because that fund was under attachment in the Court of Common Pleas. The preliminary query therefore must be whether this constitutes a valid assumption at the time (January 23, 1936) the Court of Common Pleas issued its attachment and Cato and Loewenstein Realty Company were named as garnishees. At the time the attachment issued and the garnishment was served, it was upon the supposition that Cato and Loewenstein Realty Company were indebted to Ohio Savings Bank & Trust Company, the non-resident corporate defendant in the Court of Common Pleas, on account of the paving certificates upon which the suit pending in the Circuit Court had been brought.

What we regard as the admitted facts, however, show otherwise.

Ohio Citizens Trust Company filed its intervening petition in the Circuit Court on April 30, 1936. That petition alleges, among other things, that on January 2, 1936, it was, and since that time has been, the owner of the paving certificates upon which the suit of Ohio Savings Bank & Trust Company against Cato and Loewenstein Realty Company was based. Cato and Loewenstein Realty Company appeared and demurred to this intervening petition, and after the overruling of their de-

murrer, they filed an answer. Their answer does not deny the allegation of ownership of the certificates contained in the petition of Ohio Citizens Trust Company. Therefore, it being material and having been adequately alleged and there being no issue joined, we must accept such ownership as an established fact. (Code, 56-4-60). The attachment being against Ohio Savings Bank & Trust Company, does not furnish the basis of garnishment upon the debtors of Ohio Citizens Trust Company.

The statutory citations (Code, 38-7-31,-33,-41) of appellants' counsel have to do with the rights of third persons to the fund under attachment. They may file an intervening petition in the court from which the attachment issued and that court, upon hearing such petition, shall submit the matter of determining the issues of fact arising thereon to a jury. But with that statute and proceedings under it, we are not here concerned. The fund here involved is not under attachment.

G. T. Fogle & Company is not an original party in the suit brought in the Circuit Court. However, in the intervening petition filed by Ohio Citizens Trust Company, it was named defendant and thereafter appeared by demurrer. G. T. Fogle & Company, Loewenstein Realty Company and Henry S. Cato have appeared generally in both proceedings. Of course, had Ohio Savings Bank & Trust Company owned the debt, the garnishment proceeding in the Court of Common Pleas could have been set up by Loewenstein Realty Company and H. S. Cato in the Circuit Court proceeding. Had it been, the proceeding in the Circuit Court could have been stayed until the attachment proceeding in the Court of Common Pleas was finally determined. But the admitted facts not warranting this procedure, and the affected parties having appeared generally in the Circuit Court proceedings, we fail to perceive why that proceeding should not have gone forward to final decree. Whether or not that decree wrests jurisdiction from the Court of Common Pleas in the attachment proceeding is a question not now to be determined. Should Cato and Loewenstein Realty Com-

pany care to appear and set up therein the final decree of the Circuit Court in this proceeding, they can avoid a possible double payment of their indebtedness.

As to the matter of interest, there is a statutory method by which the garnishee can stop it. By depositing the money payable on the debt in the court issuing the attachment (Code, 38-7-25), he is by statute relieved of the running of interest charges from that time forward. Therefore, we know of no method by which he can retain the fund and enjoy full advantage of its possession and yet be irresponsible for the payment of interest. The statute does not cover a conditional deposit of the fund such as that made by Cato and Loewenstein Realty Company in a court wherein the attachment is not pending and in an amount suspending the payment of interest upon a debt not paid. The recent case of *Leatherman* v. *Sanders*, 117 W. Va. 320, 185 S. E. 556, draws the distinction between a stakeholder and a garnishee who assumes the position of a party litigant and holds that the latter is chargeable with interest. The case does not deal with the effect of compliance or non-compliance with the section last cited. We do not consider this case in point, and refer to it only for the reason that it is the only case in this state dealing directly with the avoidance of interest charges by a garnishee.

For the foregoing reasons, we are of the opinion that there has been no reversible error shown in the decree of the Circuit Court of Kanawha County, which is accordingly affirmed.

*Affirmed.*