SMITH et al. v. BARRY et al.

No. 33266.   Oct. 12, 1948.

*198 P. 2d 400.*

Jack H. Smith, of Ardmore, for plaintiffs in error.

James C. Hamill and Reuel W. Little, both of Madill, for defendants in error.

RILEY, J. Plaintiffs in error, herein referred to as plaintiffs, commenced this action against defendants in error, herein referred to as defendants, heirs at law of J. P. Reirdon, deceased, to quiet title to the land here involved located in Marshall county.

From the record it appears that plaintiff Quintin Little purchased the land at the 1942 tax resale held May 11, 1942, by the county treasurer of Marshall county. Thereafter, plaintiff Rex Smith purchased the surface rights and one-half of the mineral from Little. Smith went into possession in August 1942, and has continued in possession ever since.

On January 20, 1947, plaintiffs commenced this action against defendants, and others, alleging possession and asserting their title based upon said resale tax deed. Defendants answered, claiming ownership as heirs at law of J. P. Reirdon, and assailed the resale tax deed as being void for the reason that at the resale the county treasurer advertised and sold said land for $23.60

more taxes and penalties than were due and delinquent against the land, and for that reason they claimed the deed to be void and sought to quiet their title. Plaintiffs replied setting up the one and two years' statutes of limitation; 68 O. S. 1941 §432f and 12 O. S. 1941 §93, subd. 3.

The trial court held the resale tax deed void and quieted title in defendants, and plaintiffs appeal.

The only questions involved are: whether the deed is void and whether defendants are barred by either the one year or two years' statutes of limitation.

It clearly appears from the record that the land involved had theretofore been sold at resale to the county, and that the county owned the land during the year of 1929; that at the time of the 1942 tax resale, the amount of taxes and penalties due against the land was $87.97; that the county treasurer included in the sale an additional sum of $23.12, which represented $14.60 taxes and $8.52 penalty, and that represented taxes which purported to have been assessed against the land for the year of 1929 in the sum of $14.60, and penalty thereon in the sum of $8.52. Therefore, the land was advertised and sold at resale for one full year's taxes and the penalty thereon which was never due for the reason that the land was not taxable for the said year of 1929.

That a tax deed issued under such circumstances is wholly void (not merely voidable) has many times been held by this court. Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016; House v. Mainka et al., 196 Okla. 174, 163 P. 2d 225; and Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229.

The facts are such as to bring the case within Lind v. McKinley, supra. Thereunder the resale tax deed is wholly void. Notwithstanding, plaintiffs contend that defendants are barred by the one and two years' statutes of limitation.

The court has many times held that a tax deed void on its face, or void for want of power or jurisdiction of the county treasurer to make the sale, does not start running the statutes of limitation, provided in either 68 O. S. 1941 §432f or 12 O. S. 1941 §93, subdivision 3. Campbell v. McGrath, 117 Okla. 126, 245 P. 634; Union Savings Ass'n v. Cummins et al., 74 Okla. 201, 177 P. 901; Lind v. Stubblefield, 138 Okla. 280, 282 P. 365; Westerheide v. Wilcox, 190 Okla. 382, 124 P. 2d 409; Deneen et al. v. Gillispie, 180 Okla. 342, 70 P. 2d 1078, and Welborn v Whitney et al., 190 Okla. 630, 126 P. 2d 263.

The question is fully discussed in Lind v. McKinley, supra, and other cases, and we deem it unnecessary to again review the authorities.

Affirmed.

DAVISON, V. C. J., and CORN, GIBSON, and LUTTRELL, JJ., concur. HURST, C. J., and WELCH, J., dissent.