THIEMAN v. MAY, Adm'r, et al.

No. 33844.   Dec. 12, 1950.

*225 P. 2d 356.*

Fred L. Patrick, Clyde T. Patrick, and Tom Wallace, all of Sapulpa, for plaintiff in error.

T. L. Blakemore, of Sapulpa, for defendants in error.

HALLEY, J.   Parties will be referred to either by name or as they appeared in the trial court.

Wade A. Quick and Reba Elizabeth Quick, husband and wife, owned 21 acres of land in Creek county, Oklahoma, near the town of Oilton, which they had acquired in 1937 and which they occupied as their homestead. Wade Quick died in 1939, and his widow Reba continued to live on the premises and to occupy it as her homestead until her death in 1946. The land was listed with the county assessor as homestead property in 1939 and 1940. This land was not subject to sale for delinquent taxes because of Senate Bill No. 122 of the 1939 Legislature, being art. 29 of chapter 66 of S.L. 1939. Through error this land was sold for taxes and a resale tax deed issued to Thieman on May 18, 1942. The plaintiffs brought suit to determine heirs and quiet title. It is practically conceded by the defendant Thieman that his deed is a void deed, but he contends that plaintiffs cannot maintain this action because of the statute of limitations and because Reba Quick drew down the amount paid for the land over and above the taxes.

As to the statute of limitations, there is no basis for a claim as to its applicability, as we have held in numerous cases that the limitations provided in secs. 432(f) and 455 of 68 O.S. 1941, and in sec. 93, subd. 3 of 12 O.S. 1941, do not apply to the owner of land seeking to recover the same where the resale tax deed is void. See Smith et al. v. Barry et al., 200 Okla. 619, 198 P. 2d 400; Terwilleger v. Bridges, 192 Okla. 642, 138 P. 2d 79; Welborn v. Whitney, 190 Okla. 630, 126 P. 2d 263.

As to the plaintiff administrator's deceased drawing down the money, it appears that Thieman went to her home soon after he obtained the tax deed and told Reba Quick that he had bought the land at a tax sale and that it was his. Immediately thereafter Mrs. Quick went to the county treasurer's office and made inquiry, and was told by the county treasurer that her property had been sold for taxes and that there was nothing she could do about it except draw down the surplus received over and above taxes. Soon thereafter she obtained the services of a lawyer and on his advice tendered the money that she had obtained from the county treasurer. She offered Thieman $125, the amount he had paid for the land at tax sale, and an additional $50, which was refused. The evidence showed that Mrs. Quick was not a woman of any business experience. She was ignorant and mistaken with respect to her existing legal rights, property interest, and estate in the land. By mistake, and upon erroneous advice of the county treasurer, she believed herself to have been divested of her title, when in fact she was still the owner thereof. Acting upon this mistaken belief she accepted from the county treasurer the surplus proceeds of the tax sale. Promptly upon learning the true facts she attempted to disavow and rescind her action in withdrawing such surplus, and tendered its return. Under the facts as disclosed by the record we think she had a right to do so, and that under the facts here she did not knowingly receive or accept the benefits of the tax deed within the meaning of section 11, Title 16, O.S. 1941, and is not estopped thereby from maintaining this action.

The defendant Thieman relies upon the case of Campbell v. McGrath, 117 Okla. 126, 245 P. 634, as a bar to plaintiff's recovery. The facts in the case at bar are distinguishable from that case in that Mrs. Quick did not know her rights and was incorrectly informed by the county treasurer, and offered to return the money a few days after obtaining it. In Campbell v. McGrath, the plaintiff purchased the lots from the former owner, who had drawn down the surplus paid for the lots over and above the taxes, and no one had paid or tendered the taxes, penalties, interest and cost to the purchaser in the tax sale, as was done here, and the plaintiff knew that his grantor had drawn down the surplus.

Judgment affirmed.

ARNOLD, V.C.J., and CORN, GIBSON, LUTTRELL, and JOHNSON, JJ., concur. DAVISON, C.J., and WELCH, J. concur in conclusion. O'NEAL, J., dissents.