**WILLIAMS et al.  v.  BAILEY.**

No. 35333.

Supreme Court of Oklahoma.

Jan. 19, 1954.

Rehearing Denied March 9, 1954.

Application for Leave to File Second Petition for Rehearing Denied April 13, 1954.

C. H. Baskin, Holdenville, for plaintiffs in error.

C. J. Davenport, Sapulpa, for defendant in error.

WELCH, Justice.

Wm. S. Bailey, Jr., commenced this action against George B. Williams and C. H. Baskin to quiet title to certain real estate.

The plaintiff alleged present possession of the property and averred ownership by virtue of a certain re-sale tax deed and county commissioners' deed, and which said deeds were executed and filed for record in 1941, and more than five years before the commencement of this action.

The defendants in pleading asserted ownership of the property under certain deeds from former record owners and averred the resale deed and commissioners' deed mentioned in the plaintiff's petition are void for reason there was no proper notice of resale, and that the notice of resale of the lands for nonpayment of taxes included taxes for the last quarter of the previous year, which were not delinquent at time of first publication of such notice. The defendants, with proper tax tender, prayed for cancellation of the said resale and commissioners' deeds, and such other relief as they were shown to be entitled to.

The plaintiff filed demurrer to the defendant's pleading stating therein that the defendants' answer is insufficient to constitute a defense to plaintiff's action, and that the statute of limitations has barred the right of said defendants to attack the deeds exhibited with the plaintiff's petition.

The demurrer was sustained by the court and the defendants declined to plead further, whereupon judgment was rendered for the plaintiff quieting title to the property in the plaintiff and as against the defendants.

It is well settled that the advertisement and sale of lands for the last quarter of the current year's taxes, not delinquent when the notice is first published, renders the sale and the deed based thereon invalid. Lind v. McKinley, 196 Okl. 4, 161 P.2d 1016; House v. Mainka, 196 Okl. 174, 163 P.2d 225; Sarkeys v. Evans, 197 Okl. 304, 170 P.2d 229; Carman v. McMahan, 198 Okl. 367, 178 P.2d 626, and Bridwell v. Goeske, 200 Okl. 244, 192 P.2d 656.

Herein, under the facts pleaded, and admitted as true by the demurrer, it was made to appear that the tax deeds mentioned in the plaintiff's petition are invalid and that the defendants are the record owners of the property involved.

The plaintiff made no averment or proof concerning the possession of the property for any certain period of time prior to the commencement of the action.

It is apparent that the trial court sustained the plaintiff's demurrer to the defendants' pleading on the basis of the admission of the pleading that the plaintiff's tax deed had been of record for more than five years, and on the basis of an application of the statute of limitation provided in 12 O.S.1951 § 93. In the resulting judgment for the plaintiff quieting title to the property it appears that the said statute of limitations was applied as being effective to take title out of the defendants and vest it in the plaintiff.

12 O.S.1951 § 93 was enacted in 1949, with emergency clause, and was approved by the Governor April 18, 1949. S.L.1949, p. 95, Title 12, § 1. The statute in material substance provides:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter;

"(1) An action for the recovery of real property sold on execution, * * * within five (5) years after the date of the recording of the deed made in pursuance of the sale * * *.

"(2) An action for the recovery of real property sold by executors, administrators or guardians, upon an order or judgment of a court directing such sale, * * * within five (5) years after the date of recording of the deed, * * *.

"(3) An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed.

*       *       *       *       *       *

"(6) Numbered paragraphs 1, 2, and 3 shall be fully operative regardless of whether the deed or judgment or the precedent action or proceeding upon which such deed or judgment is based is void or voidable in whole or in part, for any reasons, jurisdictional or otherwise; * * *."

The defendants contend that a void tax deed does not start running the statute of limitations provided in § 93 and paragraph 3 thereof, and further that the statute, in the application here given, and as purports to give effect to a void tax deed, and with an effect to thereby take the title to lands out of one person and vest it in another, violates the provisions of State and Federal Constitutions which prohibit a taking of property without due process of law.

A statute of identical terms as § 93, supra, except for paragraph 6 and some variances of the time periods prescribed, has existed since early Statehood. R.L.1910, § 4655; C.O.S.1921, § 183; Stat.1931, § 99; 12 O.S. 1941 § 93; 12 O.S.Supp.1945 § 93. This court has many times held that a tax deed void on its face, or void for want of power or jurisdiction of the county treasurer to make sale of the lands involved, does not start the running of the period of limitations provided in these sections of the statute and other statutes of similar import, and that such statutes do not apply in an action to cancel void tax deeds. Smith v. Barry, 200 Okl. 619, 198 P.2d 400, and

Thieman v. May's Adm'r, 203 Okl. 655, 225 P.2d 356, and cases therein cited.

The valid sale of land for taxes and the execution of proper deed thereafter is sufficient to vest the purchaser with title to the land, but a statute barring actions within a certain time after the mere recordation of a tax deed has never been regarded as prescribing a rule of property under and by which a purchaser at tax sale may acquire title. Herein we are brought to a consideration of whether or not the statute of limitations in § 93 is made effective to confer title.

Hereinafter in mention of § 93 the reference will be to the 1949 enactment, 12 O.S. 1951 § 93.

The plaintiff suggests that § 93 was enacted in purpose to direct a different construction and application of its paragraph three than that given to the similar provisions of earlier statutes; that in paragraph six and paragraph three there is reflected an intendment of the Legislature to make tax deeds immune from attack five years after the date of the recording of the deed, and regardless of whether the deed or the proceeding upon which such deed is based is void.

It has been said that the right of an owner of real estate, in the possession thereof, to maintain a suit to quiet title thereto is never barred. Stolfa v. Gaines, 140 Okl. 292, 283 P. 563; Whitehead v. Bunch, 134 Okl. 63, 272 P. 878; Warner v. Mason, 109 Okl. 13, 234 P. 747.

This expression rests on the sound principle that a person who owns property, and who is in the possession of it, has more than a mere right of action. He has everything which the law can give him. To compel him to resort to law to gain back that which he has never lost, and under penalty of forfeiture, would deny him the protection of the Constitution against a taking of property without due process of law. People ex rel. Deneen v. Simon, 176 Ill. 165, 52 N.E. 910, 44 L.R.A. 801; Buty v. Goldfinch, 74 Wash. 532, 133 P. 1057, 46 L.R.A., N.S., 1065.

In a recent Kansas case, Murrison v. Fenstermacher, 166 Kan. 568, 203 P.2d 160, 7 A.L.R.2d 1360, it was held:

"By virtue of the 14th amendment to the constitution of the United States prohibiting deprivation of property without due process of law the legislature lacks power to enact legislation which, directly or indirectly, without regard to his possession, divests of his land an owner holding a fee simple title of record by cutting down his ownership to a mere right of action which will be lost unless asserted by him in an action brought within a prescribed period of time."

Section 93, as well as the earlier statutes of similar tenor, and the statute that it immediately supersedes, does not in express terms refer to possession. Section 93, in its literal terms, as would bar an action for the recovery of real property not brought within five years after the date of the recording of a void tax deed, assumes the character of the legislation described in the Kansas case, supra.

To apply the limitations as provided in paragraph three in the mere instance of the recording of a void tax deed and without a requirement of occupancy under the void instrument for any particular period of time, and in an effect to take title out of one person and vest it in another, as sought by the plaintiff herein, might well be argued to work a deprivation of property without due process of law.

It becomes apparent that to uphold the statute and make it effective to bar actions pertaining to rights in real estate, upon the recordation of a void tax deed and a lapse of time without suit commenced to attack it, it is necessary to include possession as a requirement of the statute in connection with the running of the period of limitation that is prescribed. In this requirement the limitation would be inoperative except during the time the possession of the property is being held under the void tax deed and in which the statute is inoperative to create title by prescription. In this requirement the statute prescribes rules of property, under and subject to which the holder of a void tax deed may acquire property rights and the owner of property may become divested of rights in property in a manner obnoxious to no constitutional limitation.

60 O.S.1951 § 333, provides:

"Occupancy for the period prescribed by civil procedure, or any law of this State as sufficient to bar an action for the recovery of the property, confers a title thereto, denominated a title by prescription, which is sufficient against all."

█ It is universally held that the adverse possession of land, maintained for the prescribed statutory period, may vest the possessor with title thereto, against strangers and as against the former owner thereof. 1 Am.Jur. Adverse Possession, § 11.

In 12 C.J. Constitutional Law, § 1000, it is stated:

"Although the effect of a statute of limitation in connection with the adverse possession of property may be to take the title out of one person and vest it in another, it does not, for this reason, constitute a taking without due process of law. The legislature may not, however, under the guise of a statute of limitation, deprive any person of vested rights, nor may it require a person having title and possession to take the initiative in court proceedings under penalty of being deprived of his property rights." See, also, 16 C.J.S., Constitutional Law, § 615.

█ A fundamental rule of statutory construction is to ascertain and give effect to the legislative intention expressed in the statutes. Curtis v. Registered Dentists of Oklahoma, 193 Okl. 233, 143 P.2d 427, and In re Protest of Blain, 197 Okl. 459, 172 P. 2d 795, 796. The fundamental principle of constitutional law that whenever an act of the Legislature can be so construed and applied as to avoid conflict with the Constitution, and give it the force of law, such construction will be adopted by the courts, applies to statutes of limitations. 34 Am.Jur. Limitation of Actions, § 44.

In the last cited cases, we said:

"It is a cardinal rule that in the construction of statutes the legislative intent must govern, and to arrive at the legislative intent the entire act must be considered, together with all other enactments upon the same subject, and when the intention of the Legislature can be gathered from the entire statute, words may be modified, altered, or supplied to give the statute the force and effect which the Legislature intended."

in 50 Am.Jur. Statutes, § 339, it is stated:

"In the interpretation of a statute, it is proper to look to the origin of the act or of the section being construed, or the sources from which it was derived. It is also a general rule of interpretation to assume that the legislature in the enactment of a statute was aware of established rules of law applicable to the subject matter of the statute, which are presumed to have been with the full knowledge of, and considered by, the Legislature. Hence, in ascertaining the legislative intent in the enactment of a statute, the state of the law prior to its adoption is given consideration."

It is noted that at the time of the 1949 enactment, § 93, supra, there existed provisions of statute of identical terms as paragraphs 1 and 2 of § 93. The former statute, in provisions fixing a limitation of actions to recover land after the recording of a deed issued pursuant to a judicial proceeding or order, as in sales on execution, or by executors, administrators or guardians, has repeatedly been applied and held operative without regard to whether or not the said deeds or the proceedings upon which they were based were void or voidable. Mehard v. Little, 81 Okl. 1, 196 P. 536; Allen v. Warner, 105 Okl. 129, 232 P. 61; Walker v. Hatcher, 109 Okl. 283, 231 P. 88; Stolfa v. Gaines, 140 Okl. 292, 283 P. 563; Goslen v. Waddell Inv. Co., 145 Okl. 269, 292 P. 362.

However, in these cases decision rested on a finding of possession maintained for the period of limitations on action after the recording of the deed. The statute was thus applied as contemplating an occupancy of the property in connection with the running of the period of limitation, and as being operative then to create a prescriptive title.

In Allen v. Warner, supra [105 Okl. 129, 232 P. 62], it was said:

"Since the execution and recording of the sheriff's deed was followed by possession of defendant for five years before the suit was filed, the five years' statute of limitations is applicable, irrespective of whether the judgment on which same was based was void or voidable. * * * statutes of limitations, made in its wisdom by the Legislature, for the repose of titles, are in the interest of an enlightened public policy and must be applied."

In Walker v. Hatcher, supra, said the Court:

"Where the grantee under a guardian's deed, and those claiming under him, have been in continuous possession of real property since the purchase thereof at a guardian's sale, an action by the ward to recover the property, commenced more than eight years after the guardian's deed was recorded, and more than seven years after the termination of the guardianship, and more than three years after the ward had reached his majority, is barred by subdivision 2, section 183, and by section 1496, Comp.Stat.1921 [58 O.S.1951 § 836], and it is not material whether the guardian's deed was valid, voidable, or void."

In Stolfa v. Gaines, of like decision as Walker v. Hatcher, it was said [140 Okl. 292, 283 P. 569]:

"With the record of the deeds, even though they were void, and the entry of possession, the statute of limitations began to run. * * *"

Thus in many instances this court has applied the former statute, in its provisions identical with paragraphs 1 and 2 of § 93, supra, and with the effect to hold the former statute operative to create title by prescription and accordingly that possession was an intendment and a requirement of the former statute in connection with the running of the period of limitations therein

provided. We have never held to the contrary. All our former decisions have emphasized the importance and necessity of possession for the prescribed period.

This long settled interpretation of the former statute in its certain provisions as being operative to create prescriptive title was no doubt noticed by the Legislature when it enacted § 93, supra, and at the same time the Legislature was doubtless aware of the established rule hereinbefore noted, to the effect that a void tax sale proceeding or the recordation of a void tax deed does not start running a statute fixing limitation within which actions may be commenced to attack the deed. Nonetheless, the Legislature enacted § 93 with provision fixing a limitation on actions to recover land sold for taxes, and declared that said provision shall be operative regardless of whether the tax sale proceedings or the tax deed is void.

It is a postulate that a limitation statute bars only the particular actions which it recites, and no others, and that a statute can be given such force only as the Legislature could impart to it within the limitation of the State and Federal Constitutions.

It is to be presumed that the Legislature acted in the full knowledge that in constitutional limitation it is without power to, directly or indirectly, give force and effect of validity to proceedings affecting title to real estate, when in jurisdictional reason such proceedings are void and that it may not under guise of a statute of limitations, and with disregard to possession, deprive any person of vested rights in real property.

Thus to give the statute the force and effect which the Legislature intended we hold possession is a requirement of the statute in connection with recordation of deed and the running of the period of limitation prescribed in paragraphs one, two and three, and we hold the statute is valid.

Section 93 in its requirement of possession for the running of the period of limitations is operative not alone to bar actions, but to create a prescriptive title.

Here the plaintiff pleaded present possession of the land, but he did not allege possession for any stated period of time, and could not rely on any title by prescrip-

tion. Plaintiff sought to base his title on the tax deed and the mere recordation thereof. But the allegations of the answer, admitted by demurrer, demonstrate the invalidity of the tax deed, and since the plaintiff could not rely on a title by prescription, it was error to sustain the demurrer to the answer.

The judgment is reversed, and the cause is remanded, with directions to the trial court to vacate judgment for plaintiff, to set aside its order sustaining the plaintiff's demurrer to the defendants' pleadings, and to overrule said demurrer.

JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

HALLEY, C. J., dissents.

HALLEY, Chief Justice (dissenting).

The majority opinion goes off on a question that was not raised in the case and is not in it, that is the question of possession or occupancy. The plaintiff in his petition alleged that he was in possession of the land in question and was the owner thereof and proved that his tax deed had been filed for record for five years prior to the suit. The appealing defendants never denied the possession neither did they raise the question as to how long the plaintiff had been in possession. It has been held in other jurisdictions (I do not find where this Court has passed on it) that the failure to deny has been held to admit allegations or averments as to ownership and possession of property. Flinn v. Blakeman, 254 Ky. 416, 71 S.W.2d 961; Ohio Sav. Bank & Trust Co. v. Loewenstein Realty Co., 120 W.Va. 216, 198 S.E. 524; Lindenthal v. Northwest State Bank, 221 Ill.App. 145. Undoubtedly we would go along with this rule because Sec. 306, Title 12 O.S.1951 says: "Every material allegation of the petition, not controverted by the answer, * * * shall, for the purposes of the action, be taken as true; * * *." Plaintiff was entitled to recover if these allegations were not controverted. All the defendants did in their answer was to attack the tax deed which they claimed was void for the following reasons:

"(a) For the reason that the land described above was not sold at resale by the County Treasurer on the date it was advertised to be sold.

"(b) For the reason that the notice of resale was not published for four full weeks, as was required by law, prior to the date of sale.

"(c) For the reason that the above described property was advertised for sale on the second Monday in May, 1941, the first notice of sale having been published on April 10, 1941, and included in the notice of sale all of the ad valorem taxes levied for the year 1940, when the last quarter of the 1940 taxes did not become delinquent until May 1, 1941, after the notice of sale had been run for three weeks." C. M. pp. 58, 59.

We held in Woods v. Phillips Petroleum Co., 207 Okl. 490, 251 P.2d 505, that even though the tax deed be void that the statute of limitations in 12 O.S.1951 § 93 would apply and the owner under the tax deed would recover when it had been of record for five years.

I do not think this Court should reverse a case on a point which was not urged in the trial court. This case should be affirmed.

I dissent.