306

W. C. Hall and A. L. Jeffrey, for petitioners.

Harlan Deupree, Municipal Counselor, and A. P. Van-Meter, Asst. Municipal Counselor, for respondents.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.   Petitioner alleges he is unlawfully restrained by John Watt, chief of police of Oklahoma City, and others.   That he was charged in the police court with "* * * operating an oil well without a permit, * * *" and that there is no ordinance of said city making the operation of an oil well without a permit an offense.

In the return to the writ the respondents seek to justify, the prosecution, conviction, and imprisonment of petitioner under the terms of Ordinance No. 3944 of said city.   Said ordinance, in section 2, defines an offense: "To drill or put down any petroleum or gas well" unless a permit therefor shall have been first obtained.   It nowhere provides for a permit to operate an oil well nor defines an offense for the operation of an oil well without a permit.   Under the settled rule that penal statutes cannot be enlarged by implication or extended by inference,

the prosecution must fail. McDonald v. State, 54 Okla. Cr. 122, 15 Pac. (2d) 149. There being no ordinance defining the offense sought to be charged, the municipal court had no jurisdiction. The writ is awarded, and petitioner discharged.

DAVENPORT and CHAPPELL, JJ., concur.

