STATE EX REL. KENNEDY ET AL *v.* LEPON ETC.

[No. 27,545.   Filed September 17, 1941.]

(1)

*George N. Beamer,* Attorney General, *Thomas Longfellow,* Deputy Attorney General, and *J. Edwin Smith,* of Gary, for appellants.

*Abe S. Hyman,* of Gary, for appellee.

RICHMAN, J.—Appellant, after hearing, was denied an injunction restraining appellee from practicing dentistry in Gary without a license and advertising to supply artificial teeth directly to the public.

Most of the facts were stipulated. Appellee maintains a display room where the customer selects from samples the kind of plates, bridges or artificial teeth desired. The customer procures an impression of the oral cavity from a licensed dentist. This impression with the customer's order is sent to Chicago where the artificial teeth are manufactured. They are delivered by appellee to the customer who pays both appellee and the dentist. Appellee has no direct physical contact

with the mouth of the customer.   The record is silent as to who fits the teeth if fitting is required.   The advertising is in line with this practice.

The only question presented is whether upon the facts in evidence appellee's method of doing business and the advertising thereof were within the definition of the practice of dentistry contained in § 63-522, Burns' 1933, § 5607, Baldwin's 1934, the pertinent portions of which are:

> "Any person shall be said to be practicing dentistry . . . who . . . advertises . . . that he can or will attempt to perform dental operations of any kind, . . . or supplies artificial teeth as substitutes for natural teeth . . . And, provided, further, That nothing in this act shall interfere with the performance of mechanical work on inanimate objects by any person employed in or operating a dental laboratory . . ."

Appellant concedes that an unlicensed laboratory may sell its product to a licensed dentist but asks us to read into the statute a prohibition against sale to the user, or, in appellant's language, "directly to the public."   Artificial teeth which do not fit may be detrimental to the health of the user.   If the sale were to a licensed dentist he would be expected to make necessary adjustments after the laboratory had finished its work.   But the statute does not require that the teeth be fitted nor does it forbid sale directly to the user.   Such an amendment may be desirable but the remedy is with the Legislature.

Sale of artificial teeth is not a dental operation. Their manufacture from inanimate impressions is permitted by the proviso which would be ineffective if they could not be sold.   Upon the facts in the record appellee is not within any prohibition of the statute.

The Illinois statute is dissimilar and the cited cases interpreting it are inapplicable.

The judgment is affirmed.

NOTE.—Reported in 36 N. E. (2d) 276.