CURTIS v. REGISTERED DENTISTS OF OKLAHOMA.

No. 31102. Nov. 9, 1943.

*143 P. 2d 427.*

A. F. Moss, of Tulsa, for plaintiff in error.

234

Randell S. Cobb, Atty. Gen., for defendant in error.

PER CURIAM. The Registered Dentists of Oklahoma, hereinafter referred to as plaintiff, instituted this action against Norman V. Curtis, doing business as the United Dental Laboratory, hereinafter referred to as defendant, to enjoin the alleged wrongful practice of dentistry. The defendant denied being engaged in the practice of dentistry. Trial was had to the court upon the following stipulation as to the facts, to wit:

"It is hereby stipulated and agreed by and between the parties hereto that the above cause shall be and is submitted to the court on the following stipulation of facts:

"That the United Dental Laboratory, located at 402 South Cheyenne, Tulsa, Oklahoma, is owned and operated by the defendant, Norman V. Curtis, who is not a licensed dentist. That on several occasions persons have gone to the defendant's laboratory for the purpose of having dental plates made. That said persons went to the laboratory as a result of having seen an advertisement in the local papers, stating that dental plates were made and sold by the above defendant, and for other reasons; that upon inquiring of the defendant as to said plates they were told that he would be happy to make the plates for them but it would be necessary for them to see a licensed dentist for the purpose of having the impressions made, from which the plates were to be made, and the defendant further suggested that there was a very good dentist just down the hall, Dr. Moore, who is and was at all times mentioned in this stipulation a regularly licensed dentist under the laws of the State of Oklahoma. That said persons did contact Dr. Moore and that the impressions were made. Thereafter, the impressions were taken to the laboratory of the defendant and the plates were made therefrom. That a contract for the sale of the plates was made by the defendant and the customer; that a separate contract was made by the dentist and the customer for the making of the impressions and that the customer separately paid the dentist and the laboratory for their respective services. That in most of these instances, the dentist was Dr. Moore but that Dr. Moore was not the only licensed dentist who took impressions from which the defendant made plates, but in each instance in which the defendant had made plates, he had in his possession prior to the time he made such plates, a notation as to the shape of the face, color of the the teeth and other material data and impressions made by a regularly licensed dentist.

"It is further stipulated and agreed that practically all of the regularly licensed dentists practicing their profession in Tulsa County, State of Oklahoma, on the date of this stipulation and for many years prior thereto, took impressions exactly as Dr. Moore took the impressions in the instances referred to in this stipulation and sent the notations and impressions to Hettinger Brothers, or other dental laboratories, and that in said laboratories the plates were made from the impressions taken by the dentist exactly as in the instant case. That thereafter said laboratories returned the plates so made to the dentist who took the impressions and the dentist collected the money for the plates from his patient; that said patients do not come in contact with and do not pay said laboratories for the plates; that in all of these cases the dentist is paid by the patient and the dentist himself pays the laboratory for making the plates.

"That at all times involved in this case the Oklahoma Tax Commission has required defendant to pay a two per cent (2%) sales tax on all plates manufactured and sold by him; that defendant has a written contract for advertising his business which requires him to pay a minimum charge of three hundred dollars ($300.00) per month for one year, and that there are approximately one hundred (100) practicing, licensed dentists in Tulsa County, Oklahoma."

The court found from the stipulated facts that the defendant was engaged in the practice of dentistry within the meaning of 59 O. S. 1941 § 271 and decreed a permanent injunction.

The defendant appeals and urges, in substance, that under the stipulated facts he was not shown to be engaged

in the practice of dentistry. 59 O. S. 1941 § 271, insofar as pertinent, reads as follows:

"Any person shall be regarded as practicing dentistry within the meaning of this act who shall hold himself out, or employ methods, in any way, representing himself as being engaged in the practice of dentistry; . . . or supplies artificial substitutes for natural teeth; . . ."

Defendant urges that since the dental act, supra, is a penal one (59 O. S. 1941 § 323), it must be construed strictly and may not be enlarged by implication or extended by reference, under the authority of City of Shawnee v. Landon, 3 Okla. Cr. 440, 106 P. 652; McDonald v. State, 54 Okla. Cr. 122, 15 P. 2d 149; Biggs v. Watts, 56 Okla. Cr. 306, 38 P. 2d 587. Defendant further argues that if the statute be so strictly construed, it will not come within the rule announced in Lasdon v. Hallihan, 377 Ill. 187, 36 N. E. 2d 227, and will come within the rule announced in State ex rel. Kennedy v. Lepon, 219 Ind. 1, 36 N. E. 2d 276.

We are unable to agree with the contention of the defendant. The statute which we are called upon to construe, and which is quoted, supra, makes no distinction between dental laboratories which undertake to supply artificial substitutes to the public generally and those which perform the work for licensed dentists only as does the Illinois statute which was involved in Lasdon v. Hallihan, supra; nor does it contain any proviso excluding dental laboratories from its operation as does the Indiana statute which was involved in State ex rel. Kennedy v. Lepon, supra. For these reasons the cases cited have only an incidental application to the problem which this appeal submits for solution.

As stated in Protest of Chicago, R. I. & P. R. Co., 137 Okla. 186, 279 P. 319:

"It is a cardinal rule that in the construction of statutes the legislative intent must govern, and to arrive at the legislative intent, the entire act must be considered, together with all other enactments upon the same subject, and when the intention of the Legislature can be gathered from the entire statute, words may be modified, altered, or supplied to give the statute the force and effect which the Legislature intended."

Applying the rule announced in the foregoing case to the statute under consideration, we are of the opinion that it is apparent that it was the intention of the Legislature to protect the public from any person who might undertake to engage in the practice of dentistry without license to do so, and that part of its purpose was to prevent anyone other than licensed dentists supplying artificial substitutes for natural teeth to the persons who would use them. An examination of the stipulation of facts discloses that defendant, who had no license to practice dentistry, was engaged in the business of supplying substitutes for natural teeth to the public at large through advertisements in the newspapers and the telephone directory which patently were designed to induce the public to believe that the defendant was authorized to engage in the practice of dentistry by supplying artificial substitutes for natural teeth. This constituted a direct violation of the provisions of the statute quoted, supra, against a person holding himself out, or employing methods in any way representing himself as being engaged in the practice of dentistry. That the states may enact legislation of this type for the protection of citizens is well settled. See Semler v. Oregon State Board of Dental Examiners, 294 U. S. 608, 79 L. Ed. 1086.

Even though the statute is a penal one it may be properly construed to accomplish the purpose for which it was enacted and so as to obviate the evil sought to be remedied. Wilkins v. State, 70 Okla. Cr. 1, 104 P. 2d 289; Parker v. State, 7 Okla. Cr. 238, 122 P. 1116. A violation of the statute likewise could be properly prevented by injunction. Kentucky State Board of Dental Examiners v. Payne, 213 Ky. 382, 281 S.W. 188. The construction of the statute which the defendant seeks cannot be

sustained. The decree of permanent injunction was properly entered.

Judgment affirmed.

CORN, C. J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, J., absent.