## CURTIS v. REGISTERED DENTISTS OF OKLAHOMA.

No. 33249.    April 26, 1949.

Rehearing Denied June 7, 1949.

*206 P. 2d 986.*

C. Lawrence Elder, of Tulsa, for plaintiff in error.

Mac Q. Williamson Atty. Gen., Fred Hansen Asst. Atty. Gen., and Hudson, Hudson & Wheaton, of Tulsa, for defendant in error.

ARNOLD, V.C.J. This proceeding for indirect contempt was instituted by the Registered Dentists of Oklahoma against Norman V. Curtis, an individual, doing business as United Dental Laboratory. A verdict of guilty was returned by the jury and judgment on verdict, assessing a fine of $200 and costs, was entered.

The charge arose out of alleged violations of a permanent injunction granted by the district court of Tulsa county, on application of the Registered Dentists of Oklahoma by which Norman V. Curtis was restrained and enjoined.

" . . . from in any manner advertising to the general public, that is, to persons other than the Registered Dentists of Oklahoma, that he can or will sell, supply, furnish, construct, reproduce or repair prosthetic dentures, bridges or other appliances to be used or worn as substitutes for natural teeth. And said defendant is further permanently enjoined from advertising to the general public in any manner that he can or will sell, supply, furnish, construct, reproduce or repair prosthetic dentures, bridges or other appliances

to or for the Registered Dentists of Oklahoma."

Plaintiff in its application for citation for contempt alleged that defendant had violated said injunction by advertising to the public generally that he can or will sell, supply, furnish, construct, reproduce or repair prosthetic dentures, bridges or other appliances to be used or worn as substitutes for natural teeth. Attached to said application as exhibits were copies of advertisements by defendant which were alleged to have appeared in various publications of general circulation in the city and county of Tulsa on specified dates since the issuance of said injunction.

For reversal of the judgment defendant relies upon a single proposition thus stated in his brief:

"There is no evidence to support the verdict and judgment herein and the demurrer to the evidence should have been sustained and the jury instructed to return a verdict in favor of the defendant."

This is the second time that defendant, Norman V. Curtis, has been permanently enjoined from conducting his business in violation of law. (Curtis v. Registered Dentists of Oklahoma, 193 Okla. 233, 143 P. 2d 427.) His method of practicing dentistry without a license was the basis of the first injunction, as it was of the one here involved. The first injunction was granted under the 1935 Dentistry Act (59 O.S. 1941 §271) while the present one was granted under section 4 of the 1943 amendatory act, which is now 59 O. S. 1947 Supp. §326.

Upon the trial for contempt plaintiff's only witness was the defendant, Norman V. Curtis. He identified plaintiff's exhibits B, C, D, and E as being advertisements of United Dental Laboratory. Exhibit B is an advertisement appearing in The Tulsa World on April 9, 1946. It was a small display ad reading: "United Dental Laboratory. Ph. 3-2331. Our new home. United Clinic Bldg. 1501 So. Main St." It was stipulated by the parties that The Tulsa World is a newspaper of general circulation in the city and county of Tulsa. Exhibits C and D were display ads appearing in a baseball score card magazine sold and distributed to the patrons at the Texas League Park in Tulsa on April 11, 13, and 14, 1946. This ad contained the same reading matter as did Exhibit B, but in addition contained a picture of an upper dental plate on which were the words, "Open to the Public." In explanation of Exhibits C and D the witness testified that the picture of the dental plate and the words "Open to the Public" were not authorized by him and that he was not furnished proofs of the ads before they were printed. In this he was corroborated by Leland Barber, who solicited the ads, and one Farrell who printed the score card magazine. Exhibit E is a large display ad on one of the yellow pages of the Southwestern Bell Telephone Directory of the city of Tulsa for the year 1946. It is two columns in width, half a column in length, and covers about one-fourth of a page. Its reading matter is: "We have moved. Our new address is 1501 S. Main. False teeth. United Dental Laboratory." Just below the picture are the words: "Owner a resident of Tulsa for 20 years."

As to all of this advertising the witness testified that he had no intention of wilfully disobeying the court's injunction, but that from certain remarks of the judge from the bench in the initial hearing for temporary injunction he believed he had the right to advertise the name, location, and telephone number of his business. He frankly admitted that he had never read the decree of the court granting the permanent injunction, but that he acted upon advice of his attorney.

By the provisions of 21 O. S. 1941 §565, contempt of court is divided into two classes—direct and indirect. Indirect contempt is therein defined as "willful disobedience of any process or order lawfully issued or made by

court; resistance willfully offered by any person to the execution of a lawful order or process of a court." Section 566, Id., provides the punishment, which may be by fine or imprisonment, or both, at the discretion of the court.

The language of 59 O. S. 1947 Supp. §326, on which the verdict and judgment herein were predicated, reads:

"No person, firm or corporation shall advertise in any manner to the general public, that is, to persons other than members of 'The Organization,' that he, they or it can or will sell, supply, furnish, construct, reproduce or repair prosthetic dentures (sometimes called plates), bridges, or other appliances to be used or worn as substitutes for natural teeth, or for the regulation thereof; and no person not licensed to practice dentistry in this state shall sell or furnish, or offer to sell or furnish, any such products or services."

Defendant's contention upon the trial, as disclosed by his testimony, was that he dealt with and did laboratory work only for registered dentists, but the jury evidently believed that this contention was born of the necessities of his defense and was contradicted by his method and manner of advertising. There was no evidence that he advertised in periodicals devoted to the interests of the medical or dental professions. The mediums of publicity selected by him were those which presumably would be read or scanned by great numbers of the general public in and around the city of Tulsa. The evidence was sufficient to justify the conclusion of guilt reached by the jury.

Defendant cites and relies on only two decisions, viz., Morgan v. National Bank of Commerce of Shawnee, 90 Okla. 280, 217 P. 388, and Woodworth v. Woodworth, 173 Okla. 554, 48 P. 2d 1052. Neither of these is applicable here, either factually or on principle.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.

Rehearing Denied June 7, 1949.