## THORP v. STATE.

No. A-11530. Nov. 5, 1952.

(250 P. 2d 66.)

Robinson & Oden, Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. This is an appeal by the plaintiff in error, Frank Blair Thorp, defendant below, who was charged in the district court of Jackson county, Oklahoma, with the crime of second and subsequent offense of driving a motor vehicle on January 14, 1950, on the highways of the State of Oklahoma; the defendant, on November 7, 1949, having prior thereto pleaded guilty in the county court of Wilbarger county in the State of Texas to the offense of driving an automobile on the highways of Texas while under the influence of intoxicating liquor. On his plea of guilty therein the defendant was sentenced to pay a fine and the costs therein accrued.

The defendant herein was tried as alleged on the hereinbefore described information by a jury, convicted and his punishment fixed at a fine of $250; judgment and sentence was entered accordingly, from which this appeal has been perfected. To the information the defendant interposed a demurrer wherein attack was made on the sufficiency of the information to allege a second offense under the drunken driving statutes of the state of Oklahoma, Title 47, § 93, O.S.A. 1941, essential to confer jurisdiction upon the district court. The defendant's demurrer was overruled by the trial court. The case thereafter came on for trial, at which time defendant renewed his objection to the jurisdiction of the trial court for the reason that the drunken driving statute of the State of Oklahoma was a special statute that did not take cognizance of offenses committed in other states, but was limited to second offenses committed under the provisions of this act, Title 47, § 93, O.S.A. 1941. This objection was overruled by the trial court. The defendant was convicted, motion for new trial was overruled, and the defendant perfected his appeal herein.

The Attorney General has filed herein what amounts to a confession of error. He makes no attempt whatsoever to support the position of the state and cites no authorities but merely sets up two alternative positions, contending for neither. The sole question involved is whether under the provisions of Title 47, § 93, O.S.A. 1941, a conviction for drunken driving in the State of Texas or any other state constitutes a proper predicate for the charge of second offense of drunken driving within the State of Oklahoma, and charges facts sufficient to invoke the jurisdiction of the district court as for a felony. The statute under which this offense was brought reads as follows, to wit:

"It shall be unlawful for any person who is under the influence of intoxicating liquor, or who is an habitual user of veronal, barbital, nembutal, sodium-amatal, or other barbitrate, or barbituric acid preparations, chloralhydrate, bromidia, benzedrine, or amphetamine preparations, or narcotic drugs, to operate or drive a motor vehicle on any highway within this State, as defined in Section 1, of this Act (10322) and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the county jail for a period of time not to exceed one (1) year, or by a fine of not more than Five Hundred ($500.00) Dollars or by both such fine and imprisonment. Any persons found guilty of a second offense under the provisions of this Act shall be deemed guilty of a felony and upon conviction therefor shall be punished by imprisonment in the State Penitentiary for a period of time not to exceed two (2) years, or a fine of not more than One Thousand ($1,000.00) Dollars or by both such fine and imprisonment."

The Constitution, art. 7, §§ 10-12, provides that the district court shall have jurisdiction of felonies and not of misdemeanors. See the recent case of Beard v. State, 91 Okla. Cr. 319, 218 P. 2d 655, 656, wherein it was held that the district court had no jurisdiction of misdemeanors and objection to jurisdiction on said ground was good. Therein it was also said:

"Where an information states no offense within district court's jurisdiction, defect is fatal at any stage of proceeding, and is not waived by failure to take advantage thereof by motion or demurrer."

In the statute under consideration the following language is controlling, "Any persons found guilty of a second offense under the *provisions of this Act* shall be deemed guilty of a felony and upon conviction therefor shall be punished * * *." It has been repeatedly held that penal statutes cannot be enlarged by implication or extended by inference. Biggs v. Watt, 56 Okla. Cr. 306, 38 P. 2d 587. The plain language of the provisions of Title 47, § 93, O.S.A. 1941, limits second offenses to those within the provisions of this act. It is therefore apparent that the prior Texas violation not being within the provisions of our drunken driving statute does not form a proper predicate for the second offense charged herein. Moreover, the drunken driving statute is special legislation and being such, we are confronted with the provisions of Title 21, § 11, O.S.A. 1941, as follows:

"If there be in any other chapter of the laws of this State a provision making any specific act criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code."

Thus it clearly appears that the general provisions of the penal code, Title 21, §§ 51, 54, O.S.A. 1941, covering second and subsequent offenses and extending jurisdiction to cover convictions had in other states, cannot be invoked because of the provisions of the special statute, Title 47, § 93, O.S.A. 1941, to which the state in this instance is limited and because of the provisions of Title 21, § 11, O.S.A. 1941, supra, the state is not permitted to invoke the provisions of the general statute. A similar situation arose recently in the case of Ex parte Smith, 95 Okla. Cr. 370, 246 P. 2d 389, wherein we held that the general attempts statute, Title 21, § 42, O.S.A. 1941, applies only where there is no other specific provision of law punishing such attempts, so also herein there being a special statute covering the act in question, we are limited by statute, Title 21, § 11, O.S.A. 1941, and by the express language of Title 47, § 93, to offenses committed under the provisions of the drunken driving statute as provided in Oklahoma. Being so limited we are compelled to hold that the Texas conviction formed no proper predicate of the charge herein sought to be alleged. Hence, the case before the district court of Jackson county as alleged in the information was a misdemeanor over which the district court had no jurisdiction. The within case is accordingly reversed, with directions to proceed against the defendant in the county court as for commission of a misdemeanor, and under a properly prepared information deleting the Texas conviction therefrom.

JONES and POWELL, JJ., concur.