Loyett Wesley BOOKER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12407.

Criminal Court of Appeals of Oklahoma.

May 22, 1957.

Paul Updegraff, Harry G. Foreman, Sylvester Grim, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Loyett Wesley Booker, was charged by information in the District Court of Cleveland County with the crime of murder, committed while under the influence of intoxicating liquor after a former conviction of a similar offense. The jury found the defendant guilty of manslaughter in the first degree and left the punishment to the court who sentenced plaintiff in error to ten years in the state penitentiary. The information under which the subject was charged set forth the former conviction as a basis for the second offense and a felony in the following language:

"* * * while he, the said defendant, was then and there under the influence of intoxicating liquor in viola-

tion of Title 47, Oklahoma Statutes, Section 93, as amended, said defendant having entered his plea of guilty to the crime of operating a Motor Vehicle While Under the Influence of Intoxicating Liquor and having been thereupon convicted and sentenced for that offense in the Municipal Court of the City of Shawnee, Pottawatomie County, State of Oklahoma, on the 10th day of August, 1953  *  *  *"

The state based its charge of murder upon Title 21, § 701, paragraph 3, O.S.A.:

"3. When perpetrated without any design to effect death by a person engaged in the commission of any felony."

The plaintiff in error sets forth three assignments of error:

1. Defendant improperly charged with crime of murder. Conviction of violation of municipal ordinance not conviction for violation of state law. Drunk driving at time of homicide not subsequent offense under provisions of Title 47, Section 93, O.S.A.1955. Trial court erred in overruling defendant's motion for directed verdict.

2. It was error for the trial court to give an instruction concerning murder since there was no evidence tending to show defendant guilty thereof. There being no inclusive offense there can be no included offense. It was therefore error for the court to instruct upon any lesser offense as an included offense.

3. The manner in which defendant was charged made it possible for state to attack defendant's character—to introduce evidence of prior conviction thereby prejudicing the jury and depriving defendant of due process of law and the right to a fair trial, in violation of the provisions of the constitutions of the state and the United States.

We will deal with these questions in the order in which they are presented.

We might preface the discussion of assignment number one with the fact that this court has never passed on this question before. There are no cases directly in

point and definitely constitutes a first impression as far as our court is concerned. However, logic and reasoning in the application of the laws is favorable to the defendant. In Title 47, § 93, O.S.A.1955, it is clearly stated that the driving while intoxicated after former conviction constitutes a felony, and under the provision of Title 21, § 701, paragraph 3, O.S.A., Homicide becomes murder when perpetrated while in the commission of any felony. The evidence in the present case shows a death was perpetrated while defendant was driving an automobile under the influence of intoxicating liquor by running over the deceased. The record reflects that evidence was produced at trial for the purpose of substantiating allegations in the information that defendant had been convicted of the prior offense of drunk driving in violation of city ordinance of Shawnee, Oklahoma. Said conviction being in the Municipal Court of that city. The question presented is whether a conviction in Municipal Court for violation of a city ordinance would constitute a basis for prosecution of a felony for second offense of Title 47, O.S.A.1955, § 93. It is to be noted that this provision specifically confines charges to "any person violating the provision of this Section." It could not reasonably be construed by this court to mean any other. The language is clear and concise. The statute cannot be enlarged by implication or inference. This court has held in Thorp v. State, 96 Okl.Cr. 135, 250 P.2d 66, that a former conviction in another state would not constitute grounds for second offense. In passing on that question the court said:

"Title 47, § 93, O.S.A.1941, limits second offenses to violation committed under the provision of this Act (the drunk driving statute) and is so restricted as to not include offenses committed in other states."

■ If the language in this statute is restricted to violations within the confines of this act as to exclude offenses committed in other jurisdictions, surely it could not be interpreted to include a similar offense in violation of a city ordinance. This state does not recognize convictions for violating a city ordinance as a former conviction as to preclude a prosecution for the same offense in the state court and jeopardy cannot be successfully pleaded as a result thereof. In this connection, it is well to note that the state not only does not recognize a police court conviction as bar to state prosecution for same offense, but makes it mandatory that police judge file names of those convicted in city court with violation of liquor laws with the county attorney whose duty it is to file an information in the county court of such county.

Title 37 O.S.A. § 93, states:

"Where a conviction has been had in the police court of any city, town, or village of this state, for the violation of any provision of this act, it shall be the duty of the police judge of such city, or the justice of the peace of any town or village, to immediately file the name of such person so convicted, together with a list of the witnesses used or subpoenaed, with the county attorney of such county, and it shall be the duty of such county attorney to file an information in the county court of such county charging said party so convicted with the offense of which he was so convicted and any county attorney failing or refusing to enforce the provisions of this act shall be removed from office."

■ It is obvious from this statute that the legislature did not recognize the police court conviction as a bar to further prosecution, nor did it constitute jeopardy. Thus, we must be consistent in our application of the law. To say we recognize such conviction in one instance and ignore it in the other would be straddling the fence with the law to suit the convenience of the state at the expense of the accused and converse to the adage of consistency.

The information alleged defendant had prior conviction in the Municipal Court of Shawnee, Oklahoma. This would not with-

in itself vitiate the information, as Municipal Court was created by statute and given concurrent jurisdiction with the county court of that county in all misdemeanor cases as well as exclusive and original jurisdiction in all cases involving violation of city ordinances of that city, but said allegation in the information was sufficient to give notice worthy of inquiry by the court. The state called during presentation of its original evidence the Municipal Judge of Shawnee, the sergeant in charge of police records, and arresting officer whose testimony was given to substantiate the allegation of the information that defendant had a previous conviction for drunk driving. The testimony and records were presented over objection of defendant, and related defendant's arrest and conviction of drunk driving in violation of a city ordinance of Shawnee. The better policy would have been invoked had the trial judge ascertained outside the presence of the jury whether said conviction was based upon a city ordinance or violation of Title 47, Section 93, O.S.A.1955. Had it been thereby determined that the basis for the second offense had been a violation of a city ordinance, then and in that event, the information was insufficient to charge defendant with the crime of murder and any testimony relative to said conviction before the defendant took the stand in his own behalf or as direct testimony, would be wholly incompetent. We are in no position to declare it was not prejudicial to this or any other defendant.

■ Testimony of other convictions may be inquired into for the purpose of testing credibility of the defendant on cross-examination, but in no event is it admissible to prove other offenses committed by defendant unless it comes within one of the exceptions to the rule as laid down in previous decisions by this court. Those exceptions permit evidence of other crimes when it tends to establish, (1) motive, (2) intent, (3) the absence of mistake or accident, (4) common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5) the identity of the person charged with the commission of the crime on trial.

In the instant case it would repel the mentally alert to propose an application of any of the recognized exceptions to the testimony of the state regarding the former convictions in police court for violation of a city ordinance.

■■ This court is of the opinion that the prior conviction of violation of a city ordinance in Municipal Court is not ground nor a basis for a second offense prosecution under Title 47, Section 93, O.S.A. That being true, the information was wholly insufficient to charge the crime of murder and testimony relative to said prior conviction was wholly incompetent in the manner in which it was used. It not only was incompetent testimony of another offense but certainly violated the rules of evidence in permitting prosecution to offer evidence of defendant's character or reputation when it was not an element of the crime. If the law were to permit the introduction of evidence as to the commission of other crimes by a defendant other than the one for which he is upon trial, or were to permit the state to offer testimony of his general bad reputation as original evidence against him, it would result in a confusion of issues before the jury; and if the principle involved were recognized it would be hard to set a limit to the extent which the issues in a case might be multiplied. We think it is a universal rule that the state cannot prove acts of bad character or reputation of the accused until he has put it in issue. To permit the introduction of such evidence in this manner is error.

■■ The information not being sufficient to justify a charge of murder, it was the duty of the court to eliminate murder from the consideration of the jury. Though it is the recognized duty of the trial court to instruct the jury upon every element of crime that the evidence tends to establish, it is likewise his duty to confine his instructions to that which the evidence supports. In the instant

case had the first question been properly ruled upon, this question would not have been raised, but since there was no evidence of murder it would constitute error to instruct upon the same, providing proper or timely exception had been made. The record does not reflect that the defendant objected or took exception to the court's instructions. However, we do not feel called upon to discuss this matter further as it is not likely to recur upon a retrial of this cause. It is contended by the state that the defendant was not prejudiced by the errors discussed herein, and that the verdict was for manslaughter, which the evidence amply supported, and not murder, as charged in the information, and that they should be passed off as harmless errors. With this we cannot agree. As far as this court has been able to determine the question raised herein is of first impression and it must be met head on, and decided with such clarity that this court will not be called upon again to review the same. The doctrine of harmless error will become intolerable if invoked in cases such as the one before us now. The court has stood squarely for the doctrine of harmless error but it is equally committed to the doctrine that fairness and strict compliance with rules of evidence must prevail in all criminal cases.

For the errors indicated, the judgment and sentence of the District Court of Cleveland County is hereby reversed, and the case remanded for a new trial consistent with the principles herein announced.

BRETT, P. J., and POWELL, J., concur.