Robert Bartow VINCENT, Plaintiff in
Error,

v.

The STATE of Oklahoma, Defendant in
Error.

No. A–12516.

Criminal Court of Appeals of Oklahoma.

Nov. 27, 1957.

Tillman, Tillman & Hampton, Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Robert Bartow Vincent appeals from a conviction in the district court of Osage County where he was charged with the crime of driving an automobile upon a public highway while under the influence of intoxicating liquor as a first offense, although in the information the charge was a second and subsequent offense charge, it being alleged that he had prior to the current charge and on or about the 9th day of May, 1951, entered a plea of guilty to the offense of driving a motor vehicle over and upon a public highway while under the influence of intoxicating liquor in the court of common pleas of Tulsa County, in case No. 67679, which judgment it was alleged became final and was unappealed from.

The jury assessed punishment at a fine of $500, and thirty days confinement in the Osage County jail.

Briefly, the evidence by the State, which was the only evidence in the case, developed that on January 21, 1956, Mickey Earl Newell was driving a 1952 Ford Customline automobile from Ponca City to Shidler. On a curve in the highway, just out of Burbank, he noticed two cars off the highway that had been involved in a collision. In the car with witness was Miss Kay Beasley, whom he had married at the time of the trial, and Danny Emberton and Omer Thomas. Witness noticed a pickup and two men with flash lights, so he parked his car near the guard posts on his right hand side of the highway, the left front and rear wheels of his car were on the pavement, the opposite two wheels of his car were on the gravel. Witness and his boy companions got out to investigate the wreck. The young lady remained in the front seat of the car. The evidence was to the effect that there was enough room on the highway opposite the Newell car for two cars going in opposite directions to safely pass each the other. Several cars. passed. It was around 7:30 to 8:00 p.m., the Newell car lights were on. Several witnesses suddenly heard tires squeaking and a car ran into the rear of the Newell car, damaging the rear end, causing the young lady in the Newell car to get a severe bump on the head.

The defendant, Vincent was found at the wheel of a 1955 Chevrolet that had run into the Newell car. Several witnesses smelled alcohol on the breath of the defendant, and he was noticed to stagger, his talk was thick, etc. After the accident the defendant opened the turtle back of his car and obtained a whiskey bottle and threw it down an embankment. The bottle was recovered later by an officer, and was a fifth quart and contained a small amount of liquor. When the officers arrived, defendant agreed to a blood test for alcohol. It was shown by expert witnesses, duly qualified, that the alcoholic content of his blood by a test made an hour and a half after the accident was .16 per cent, which was shown to be indicative of intoxication.

The State also offered the testimony of a deputy from the office of the County Court Clerk of Tulsa County to show that in case No. 67679 in the court of common pleas in the case of State v. Robert Bartow Vincent, the defendant entered a plea of guilty to a charge of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor, and paid a fine of $100 and costs. Other evidence was introduced to show that the defendant in case No. 67679 in the court of common pleas of Tulsa County, and the

defendant in the within case were one and the same person.

Defendant for reversal of his conviction argues but one proposition. Nevertheless, we have considered all propositions set out in the petition in error, but find no merit in them. We shall treat the proposition argued, and being: "that the court erred in instructing the jury that the information charged herein included and covered a misdemeanor or that of charging the defendant with driving an automobile upon the public highways while under the influence of intoxicating liquor, first offense."

Counsel argue in connection with the above specification of error that defendant "specifically challenges the error of the court in giving Instruction No. 10 to the jury for the reason and upon the ground that said instruction was not properly given, or supported by any competent evidence. The effect of giving said instruction in the light of the evidence produced in this case, caused the defendant to be found guilty of a compromised verdict. Under the evidence, information and theory of the prosecution in this case, the defendant was guilty of a felony or was guilty of nothing."

Instruction No. 10 reads:

"If you find from the evidence, facts and circumstances in proof, beyond a reasonable doubt, that in Osage County, Oklahoma, and on or about January 21, 1956 the defendant, Robert Bartow Vincent did, while under the influence of intoxicating liquor, drive and operate an automotive vehicle upon the public highway as described in the information, and if you further find from the evidence, beyond a reasonable doubt, that the said defendant had prior thereto been found guilty or had plead guilty to the crime of driving an automotive vehicle while under the influence of intoxicating liquor as alleged in the information, then and under such circumstances it would be your duty to find the defendant guilty of a felony as charged in the Information of this case.

"Unless you so find, it will be your duty to find the defendant not guilty while under the influence of intoxicating liquor 2nd offense, and you would then consider whether the defendant is guilty of the *included* offense of driving a motor vehicle on a public highway while under the influence of intoxicating liquor 1st offense. [Emphasis supplied]."

As pointed out by the Attorney General, the effect of defendant's contention means that if a defendant is charged with drunken driving as a second offense and the State for any reason fails to convince the jury as to his former conviction, which burden is on the State, he must be found not guilty, regardless of the conclusive character of the proof as to present guilt, and the belief and conclusion by the jury of defendant's guilt of the charge being considered.

■ It is imperative that it be kept in mind that the accused is not being tried for the offense for which he was previously convicted. They determine as a question of fact whether or not the State meets its burden of actually showing a previous conviction of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. The only effect of an affirmative finding of such previous conviction is to operate to raise the grade, and effect the penalty of the offense upon which he is being currently tried, in case of a conviction.

It cannot be overlooked that it sometimes happens, as again pointed out by the Attorney General, that in spite of clear proof of the former conviction, a jury refused to convict of the second offense because of the heavier penalty and exercises prerogative of finding a defendant guilty simply of a first offense. The evidence is conclusive that such happened in the within case, but the verdict is binding on the State, and the defendant has no just cause for complaint.

Although documentary and other evidence was introduced by the State in proof that the defendant herein had previously entered a plea of guilty in the court of common pleas of Tulsa County in case No. 67679, to a charge of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor, as indicated, and same was not denied by the defendant, nevertheless, instruction No. 10 permitted the jury to determine as a question of fact whether or not defendant had been so theretofore found guilty, and the jury by its verdict found that defendant had not been so previously convicted. See Johnson v. State, 96 Okl.Cr. 294, 253 P.2d 179, holding such to be the prerogative of the jury. Also see Jackson v. State, Okl. Cr., 308 P.2d 323. The jury did find defendant presently guilty of the crime for which charged as a first offense, which would be a misdemeanor.

In the case of Thorp v. State, 96 Okl.Cr. 135, 250 P.2d 66, Thorp was charged under 47 O.S.1941 § 93 (now 47 O.S.A. § 93), second offense, based upon a previous conviction of a like charge in Texas. This court held as a matter of law that where the first conviction was allegedly committed in another state, the offense charged was a misdemeanor and the district court had no jurisdiction. See art. 7, §§ 10–12, Okl. Const., and Beard v. State, 91 Okl.Cr. 319, 218 P.2d 655, 656 interpreting such provisions.

So in the Thorp case the information by reason of the first conviction having been alleged to have taken place in Texas, failed to state facts sufficient to clothe the district court with jurisdiction. This court not only reversed but directed the county attorney to proceed against the defendant in the county court as for the commission of a misdemeanor. See also in this connection Johnson v. State, supra.

But unlike the Thorp case, here the information did set out sufficient grounds to confer jurisdiction on the district court, and once having obtained jurisdiction such could not be divested merely by reason of the fact that the jury saw fit to ignore or disbelieve the State's proof that shows on its face that it made out a prima facie case under 47 O.S.A. § 93, which reads:

"It shall be unlawful for any person who is under the influence of intoxicating liquor or who is a habitual user of veronal, barbital, nembutal, sodium amytal or other barbiturates or bartituric acid preparations, chloral hydrate, bromidia, benzedrine or amphetamine preparations or narcotic drugs, to operate or drive a motor vehicle on any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway or public square or place, bridge, viaduct, trestle or any thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles within this State and any person violating the provisions of this Section shall be deemed guilty of a MISDEMEANOR FOR THE FIRST OFFENSE and upon conviction therefor shall be punished by imprisonment in the County Jail for a period of time not less than ten (10) days or more than one (1) year, and a fine of not more than Five Hundred Dollars ($500.00), and shall have his driver's license revoked for a period of twelve (12) months by the Commissioner of Public Safety of the State of Oklahoma. Any person found guilty of a subsequent offense under the provisions of this Act shall be deemed guilty of a felony and upon conviction therefor shall be punished by imprisonment in the State Penitentiary for a period of time not less than one (1) year and not to exceed five (5) years, and a fine of not more than One Thousand Dollars ($1,000.00), and shall have his driver's license revoked for a period of twelve (12) months by the Commissioner of Public Safety of the State of Oklahoma. As amended laws 1951, p. 128, § 1; Laws 1953, p. 191, §

1; Laws 1955, p. 263, § 1." [Emphasis supplied.]

See Ex parte Waldock, 142 Okl. 258, 286 P. 765, par. 2 of the syllabus, where it is said:

"Jurisdiction of the subject-matter in a criminal case is conferred upon a court by law, and is determined by the allegations in the information or indictment."

The same principle is involved in a case where a defendant may be charged with a felony, which fixes the jurisdiction of the district court, but where the accused is actually convicted of an included offense constituting a misdemeanor, over which ordinarily the district court would not have jurisdiction. 22 O.S.1951 § 916; Pierce v. State, 96 Okl.Cr. 76, 248 P.2d 633; Ponkilla v. State, 69 Okl.Cr. 31, 99 P.2d 910.

Here, as urged by counsel for the defendant, no included offense is involved, but by reason of the wording of the statute involved and above quoted, infliction of a greater punishment is authorized to be inflicted where one is charged and found guilty of a present charge of driving a motor vehicle upon the public highway as a second or subsequent offense. But where the jury determines that though the accused is guilty of the specific present charge that the proof was not sufficient or satisfactory to establish a previous conviction of a like charge, then the conviction could only be for the present charge as a first offense, based purely on the jury's failure to find as an historical fact a previous conviction.

It follows from what has been said that the inclusion of the word "included" as the 37th word in the last paragraph of Instruction No. 10 complained of constitutes mere surplusage.

The judgment appealed from is affirmed.

NIX, J., concurs.

BRETT, P. J., not participating.