**STATE BOARD OF ARCHITECTURE of the State of North Dakota, Plaintiff and Appellant,**

v.

**KIRKHAM, MICHAEL & ASSOCIATES, INC., a Corporation, Defendant and Respondent.**

**Civ. No. 8562.**

Supreme Court of North Dakota.

May 27, 1970.

Rehearing Denied Sept. 23, 1970.

Arnason & Pearson, Grand Forks, for plaintiff and appellant.

Conmy, Conmy & Feste, Fargo, for defendant and respondent.

STRUTZ, Judge.

The above-entitled action was commenced against the defendant corporation to enjoin it, under Section 51–12–14, North Dakota Century Code, from conducting allegedly false advertising of its architectural services in violation of Section 51–12–08. Another action, brought by one William E. Harrie, for himself and all others similarly situated, was commenced to enjoin the defendant corporation from practicing architecture in the State of North Dakota. The two actions were consolidated for purposes of trial.

The trial court denied an injunction in each of the actions and entered judgment for the defendant, dismissing the plaintiff's complaint in each case. The plaintiff in each case thereupon appealed to this court from the judgment so entered and from each and every issue of law and fact therein.

The record discloses that the defendant, Kirkham, Michael & Associates, Inc., is a North Dakota corporation. Three shares of defendant's stock are held by three individuals, none of whom are licensed North Dakota architects. The balance of its corporate stock is owned by Kirkham-Michael, Inc., a Nebraska corporation. Four per cent of the stock of the Nebraska corporation is held by three individuals who are architects, but only one of them is licensed to practice architecture in the State of North Dakota. The remaining ninety-six per cent of the stock of the Nebraska corporation, which owns all but three shares of stock in the defendant North Dakota corporation, is held by persons who are not architects. The holder of one share in the Nebraska corporation who is an architect licensed to practice in the State of North Dakota is Warren W. Keeler. He does not reside in this State, but is a resident of Nebraska. He also is the chief architect in similar operations in Nebraska and South Dakota. There are no persons licensed as architects in this State employed by the defendant corporation who reside in North Dakota. Fees paid to the defendant for architectural services do not determine the amount paid to Mr. Keeler since he is paid a fixed salary.

The record discloses that the work performed by the defendant corporation, which does a large business in this State, is about equally divided between its engineering and its architectural services. It further appears that work for its architectural services is solicited for the defendant corporation by employees who are not licensed architects. When a contract for architectural service is entered into, it is signed on behalf of the defendant by one of its corporate officers after approval by Keeler, the architect who is licensed in this State and who lives in Nebraska. Architectural business is solicited by the defendant corporation in the name of "Kirkham, Michael & Associates, Engineers and Architects, Warren W. Keeler, Architect."

■ It is well settled that the State, in the exercise of its police power, may regulate the profession of architecture. 6 C.J. S. Architects, §§ 2 and 5, p. 296, and cases cited. The State of North Dakota, in the exercise of this power, has enacted a law which provides:

"No person shall practice architecture as a profession in this state unless he had obtained from the board a certificate of registration and is registered as an architect." Sec. 43–03–09, N.D.C.C.

The plaintiff asserts that the defendant corporation, which does not hold a certificate of registration as an architect and which may not legally be registered as an architect under the law, nevertheless is practicing this profession in violation of the statute. The plaintiff brings this action to enjoin such practice. The trial court dismissed the plaintiff's complaint on the ground that the plaintiff was not au-

thorized to maintain the action under the law. The statute under which the action was commenced provides:

"Any person who violates or proposes to violate any of the provisions of sections 51–12–08 through 51–12–12 may be enjoined by any court of competent jurisdiction.

"Actions for injunction under this section may be prosecuted by the attorney general or any .state's attorney in this state in the name of the people of the state of North Dakota upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public." Sec. 51–12–14, N.D.C.C.

Thus it will be noted that the action may be brought by the Attorney General or by any of the several State's attorneys, in the name of the people of the State and upon their own complaint, or upon the complaint of any board, officer, person, corporation, or association.

This action was not brought by the Attorney General or by one of the State's attorneys of North Dakota, and the trial court held that, since the action was not so brought, it could not be maintained. With this conclusion of the trial court we do not agree. It will be noted that the statute in question, after providing that an action for injunction may be brought by the Attorney General or by one of the State's attorneys, further provides that it may be brought "by any person acting for the interests of itself, its member or the general public."

■ Surely the Legislative Assembly intended this latter provision to have some meaning, even though the language of the statute is not clear or concise and certainly is not the best. The only meaning that this language can possibly be given is that, in addition to allowing such action to be brought by the Attorney General or by one of the State's attorneys, upon complaint of the parties mentioned, it might also be brought by any person acting for his own interests or by any board or association for its own interests or for the interests of its members or the interests of the general public.

■ This latter provision, as we interpret it, would permit an action to be brought by the State Board of Architecture for the interests of its members. The Board of Architecture brought this action to enjoin false advertising on the part of the defendant, to protect its own interests and the interests of its members and the interests of the general public. Under the provisions of the false-advertising statute, Section 51–12–08, North Dakota Century Code, it is unlawful for any person, with intent to perform services, professional or otherwise, to make or disseminate or cause to be made or disseminated in any manner any statement concerning such services, professional or otherwise, which is untrue or misleading and which is known to be untrue or misleading. We therefore hold that the State Board of Architecture may properly bring an action to enjoin false advertising under the above statute.

Having determined that the State Board of Architecture is a proper party to bring an action to enjoin false advertising of architectural services, the next question for us to determine is whether the defendant corporation's conduct, as disclosed by this record, constitutes false advertising of its services. The defendant admits that it publicizes itself as a firm of architects and engineers. It is so designated on its letterheads, on the plans and specifications which it prepares, and in its advertising. Such description of the defendant, asserts the plaintiff, is false and misleading advertising because it gives to the public the idea that the defendant is authorized to practice architecture, which it as a corporation may not legally do. In other words, the plaintiff contends that the defendant corporation advertises that it is an architectural corporation and that it actual-

ly is engaged in the practice of this profession, all of which is contrary to law.

The defendant corporation, on the other hand, asserts that its actions are perfectly lawful; that it employs a licensed architect, Mr. Keeler, and that this licensed architect supervises all of its architectural services. The defendant contends that it thus has fully complied with the law and with such rules and regulations issued by the State Board which that Board, under the law, had authority to promulgate. The defendant further asserts that the rules and regulations of the State Board, insofar as they prohibit the defendant corporation from performing architectural services through its employees who are supervised by a licensed architect, are invalid.

We have examined the rules and regulations of the State Board, and we believe that, insofar as the rules seem to permit a corporation to practice architecture under certain conditions, these rules may be invalid. Insofar as Article V, Rule 5, recognizes that a corporation may not be registered as an architect but nevertheless allows such corporation to practice architecture under certain conditions without being registered, the rule would be contrary to law.

■ We need not determine, however, the validity of this rule in the action before us. Our law specifically provides that an applicant for registration as an architect must possess certain qualifications. Such applicant must be of legal age, of good moral character, and must have completed certain prescribed courses of study, and must have had certain practical experience in the office of an architect. Sec. 43–03–13, N.D.C.C. It further provides that no person shall practice architecture in this State unless he has obtained from the State Board a certificate of registration and is registered as an architect. Sec. 43–03–09, N.D.C.C. Such applicant, before being licensed, shall pass an examination in such courses as shall be established by the State Board. Sec. 43–03–14, N.D.C.C.

■ All of the above makes it obvious that a corporation is not qualified to be licensed to practice architecture under our law. The defendant corporation, by advertising that it is engaged in the practice of architecture—which it may not legally practice—is engaged in false advertising. And, since the defendant is engaged in false advertising of its services, it may be enjoined under Section 51–12–14, North Dakota Century Code, from continuing to so falsely advertise its services.

The defendant corporation's method of doing business is an attempt to circumvent the law. While the defendant admits that it as a corporation may not be licensed to practice architecture, it in reality is practicing architecture through unlicensed employees, allegedly supervised by one licensed employee who works part time in this State. The corporation then advertises that it is a firm of architects, which clearly is not the fact.

For reasons stated herein, the judgment of the district court is reversed and the defendant corporation is enjoined from advertising that it is authorized to practice architecture in the State of North Dakota.

ERICKSTAD, PAULSON and KNUDSON, JJ., concur.

TEIGEN, Chief Justice (concurring specially).

I concur. However, I believe that Article V, Rule 5, adopted by the State Board of Architecture, is void. It alters, adds to, extends and enlarges upon the statutes governing the practice of architecture. It is an attempt to permit that which the statute prohibits. Section 43–03–09, N.D.C.C., provides:

"No person shall practice architecture as a profession in this state unless he has obtained from the board a certificate of registration and is registered as an architect."

Section 1–01–28, N.D.C.C., defines a *person* as follows:

"The word 'person', except when used by way of contrast, shall include not only a human being, but a body politic or corporate."

The word *person*, prima facie, in absence of a statute limiting its meaning, includes both natural and artificial persons. 18 Am. Jur.2d, Corporations, Section 20, page 569.

The rule adopted by the board recognizes a corporation may not be registered as an architect but, nevertheless, it allows corporations to practice architecture under named conditions without being registered. This is contrary to law.

The power of the State Board of Architecture to adopt rules and regulations is limited by statute to three areas (Section 43–03–08, N.D.C.C.): (1) To govern its proceedings; (2) For the examination of candidates for registration; and (3) For the regulation of the practice of architecture. The statute also admonishes that such rules and regulations shall be consistent with law.

The board, under the guise of its exercise of the power to make rules and regulations, has promulgated a rule which, in my opinion, is inconsistent with and subverts the Act which it is to administer. This it may not do.

"Legislation may not be enacted by an administrative agency under the guise of its exercise of the power to make rules and regulations by issuing a rule or regulation which is inconsistent or out of harmony with, or which alters, adds to, extends or enlarges, subverts, or impairs, limits, or restricts the act being administered." 1 Am.Jur.2d, Administrative Law, Section 132, page 944.

The defendant corporation is not authorized to practice architecture in this State and, therefore, it violated the law when it advertised and held itself out as being engaged in the practice of architecture.