William E. HARRIE, For Himself and All Others Similarly Situated, Plaintiff and Appellant,

v.

KIRKHAM, MICHAEL & ASSOCIATES, INC., a Corporation, Defendant and Respondent.

Civ. No. 8563.

Supreme Court of North Dakota.

May 27, 1970.

Rehearing Denied Sept. 23, 1970.

Arnason & Pearson, Grand Forks, for plaintiff and appellant.

Conmy, Conmy & Feste, Fargo, for defendant and respondent.

STRUTZ, Judge.

This is an appeal by the plaintiff from a judgment of the district court of Cass County dismissing the plaintiff's complaint. The plaintiff is a licensed architect practicing his profession in this State, and he brings this action for himself and all others similarly situated. He seeks to enjoin the defendant corporation from the practice of architecture or from holding itself out as authorized to practice that profession in this State. This action and an ac-

tion brought by the State Board of Architecture to enjoin the defendant from falsely advertising that it is authorized to practice architecture in the State of North Dakota were, by stipulation, consolidated for purposes of trial.

The facts in this case are the same as those in the case of State Board of Architecture v. Kirkham, Michael & Associates, Inc., 179 N.W.2d 409 (N.D.1970). In this action, the plaintiff seeks injunctive relief, asserting that the defendant is engaging in the practice of architecture in violation of the laws of this State and the rules and regulations promulgated by the State Board of Architecture, pursuant to statutory authority.

The plaintiff, in seeking to enjoin the defendant from holding itself out as being authorized to practice architecture in this State, cites numerous decisions in cases involving the practice of law, the practice of medicine, and the practice of dentistry, in which actions members of those professions were permitted to maintain suits to enjoin the unlawful practice of their professions. The trial court denied the plaintiff's demand for an injunction in the case at bar on several grounds, asserting that the plaintiff has failed to allege that he is being injured or damaged by the defendant's actions or that he has no adequate remedy at law; that the plaintiff has failed to submit any evidence to show injury or damage either to himself or to any of those for whom he purports to bring the action; and, finally, that the law gives to the State Board of Architecture the power to regulate the practice of that profession in North Dakota, and that the plaintiff has failed to pursue available remedies before the State Board prior to bringing this action in the courts (citing 2 Am.Jur.2d Administrative Law, Sec. 595, at 426).

This court has held that in order to be entitled to an injunction, a party must show actual or threatened, irrevocable injury to his rights, for which he has no ad-

equate remedy at law. McIntyre v. State Board of Higher Education, 71 N.D. 630, 3 N.W.2d 463. But to say that the plaintiff, who is a licensed architect in the State of North Dakota, and those for whom he purports to act, who also are licensed architects, are not assumed to be injured by the defendant's performing of architectural services—where the record shows that the defendant renders thousands of dollars' worth of such services in a year—would be to ignore the facts. The large volume of business done by the defendant obviously would affect the amount of such work received by other architects in the State. But the real reason for prohibiting the practice of a profession by those who have not been examined and found to be qualified is not to create a monopoly for those who have been licensed. It is done to protect the members of the public who desire architectural services from receiving such services from persons who are not qualified. The State, in the exercise of its police power, has determined that the public interest requires the regulation of the practice of architecture and the licensing of architects, and thus enforcement of such requirement is in the public interest.

■ Therefore, it would appear that architects who are duly licensed to practice in the State have a sufficient interest in the subject-matter to maintain an action to prevent the unlawful practice of architecture by the defendant corporation. While we can find no case directly in point involving the practice of architecture, we do find numerous cases involving the practice of law, medicine, and dentistry. Some of these cases are the following: Smith v. Illinois Adjustment Finance Co., 326 Ill.App. 654, 63 N.E.2d 264; Curtis v. Registered Dentists of Oklahoma, 193 Okl. 233, 143 P.2d 427; Fitchette v. Taylor, 191 Minn. 582, 254 N.W. 910; Boggs v. Werner, 372 Pa. 312, 94 A.2d 50.

We can find no valid reason for holding that the profession of architecture should be treated any differently from the professions of medicine, dentistry, or law. The State, in the exercise of its police power, may regulate the profession of architecture as it may regulate the other professions named. This court has found, in the companion case of State Board of Architecture v. Kirkham, Michael & Associates, Inc., *supra*, that the defendant was engaged in the practice of architecture. Therefore, an architect who is duly licensed to practice his profession in this State is a proper party and has a sufficient interest in the subject-matter to bring suit, for himself and other duly licensed architects, to prevent the unlawful practice of the profession by the defendant corporation. The violation of a statute which was enacted to protect the public against unlicensed persons who attempt to practice the profession may be prevented by injunction. The defendant has been found in violation of the laws of this State. Such violation by the defendant corporation may be prevented by injunction.

We find that, where the defendant violates the law of the State relating to the practice of architecture, injunction is a proper remedy to prevent the continuation of such violation. Suit for injunction may be brought by a duly licensed architect, acting for himself and other members of the profession who are similarly affected.

■ The trial court found that the State Board of Architecture has authority to regulate the profession in this State, and that the plaintiff has not exhausted his administrative remedies prior to bringing suit. We find no requirement in the law that proceedings to prevent the violation of the law must first be brought before the State Board. We therefore hold that the violation of a statute, which statute is designed to protect the public against the practice of architecture by unlicensed persons, may be prevented by injunction in an action brought by a licensed member of the profession for himself and all others similarly situated.

For reasons stated herein, the judgment of the district court is reversed and the

case is remanded for further proceedings consistent with this opinion.

ERICKSTAD, PAULSON and KNUDSON, JJ., concur.

TEIGEN, Chief Justice (concurring specially).

I concur in the result for the reasons stated in my special concurrence in State Board of Architecture v. Kirkham, Michael & Associates, Inc., N.D., 179 N.W.2d 409.